## HAYWOOD v. THE STATE.

LITTLE, J. 1. The jury in all cases must, in the process of arriving at the truth, determine what credit shall be given to each particular witness; and even though a witness is proved to have made statements directly contrary to his evidence, that evidence affords a sufficient basis for a verdict, if the jury believe it to be true. The evidence in this case was sufficient to support the verdict.

2. No error of law appears to have been committed in the rulings of the trial judge as set out in the motion.

3. A communication which was made by a prisoner under arrest, to an attorney

who it is at the time anticipated will be employed to represent the cause of the person making such communication, can not, on the trial either of the person making the communication, or of another, be proved by the testimony of the attorney.  Civil Code, § 5199.

·4.  While, in the main, the request to charge as to the effect of good character stated the law in relation thereto, the charge on that subject which was given substantially stated all of the law in relation thereto necessary to be given.

5.  The newly discovered evidence as shown by certain affidavits presented no good reason for the grant of a new trial.

*Judgment affirmed.   All the Justices concurring.*

Argued October 22, —Decided November 7, 1901.

Indictment for murder.   Before Judge Brinson.  ·Richmond superior court. · April term, 1901.

*Irvin Alexander* and· *E. H. Callaway,* for plaintiff in error.

*J. M. Terrell, attorney-general, J. S. Reynolds, solicitor-general,* and *C. P. Pressly,* contra.