## 16482.   BOLING v. THE STATE.

A conviction approved by the trial judge will not be set aside by this
court because based on testimony contradicted by other statements
of the witness.

DECIDED JUNE 20, 1925.

Indictment for possessing liquor; from Cherokee superior court
—Judge Blair.   April 4, 1925.

*Morris, Hawkins & Wallace,* for plaintiff in error.

*John S. Wood, solicitor-general,* contra.

BLOODWORTH, J.   "The jury in all cases must, in the process
of arriving at the truth, determine what credit shall be given to
each particular witness; and even though a witness is proved to
have made statements directly contrary to his evidence, that evi-
dence affords a sufficient basis for a verdict, if the jury believe it
to be true." *Haywood* v. *State,* 114 *Ga.* 111 (39 S. E. 948).   "In
this case the motion for a new trial contained only the usual gen-
eral grounds.   There was some slight evidence authorizing the
verdict; and, the verdict having been approved by the trial judge,
under the repeated and uniform rulings of this court and of the
Supreme Court a reviewing court is powerless to interfere.   When
the verdict is apparently decidedly against the weight of the evi-
dence, the trial judge has a wide discretion as to granting or re-
fusing a new trial; but whenever there is any evidence, however
slight, to support a verdict which has been approved by the trial
judge, this court is absolutely without authority to control the judg-
ment of the trial court." *Toole* v. *Jones,* 19 *Ga. App.* 24 (90
S. E. 732).   The accused was convicted of possessing intoxicating
liquor.   It is insisted by counsel for plaintiff in error that a new
trial should be granted because the principal witness for the State,
and without whose evidence the accused could not have been con-
victed, had stated more than once that the defendant was not the
man in possession of the whisky.   Even had the witness made no
explanation of why he made these statements, the credibility of
the witness was exclusively for determination by the jury, and,
under the principles announced in the foregoing cases, this court
will not set aside the verdict, which has evidence to support it and
is approved by the judge who tried the case.

*Judgment affirmed.   Broyles, C. J., and Luke, J., concur.*