21381. LACKEY v. THE STATE.

SUBMITTED SEPTEMBER 12, 1961—DECIDED OCTOBER 9, 1961.

*Fullbright & Duffey*, for plaintiff in error.

*Chastine Parker, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.

ALMAND, Justice. ■ Special grounds 1, 2, and 3, which complain of rulings by the court on evidence, are without merit since they do not set out any objection made at the time of the trial. "To make an objection to the admission of evidence available in the reviewing court, it must appear that the objection was made and upon what grounds it was made to the trial court." *Maxwell v. Hollis*, 214 Ga. 358, 362 (4) (104 SE2d 893).

■ Special ground 4, objecting to the ruling refusing to permit the jury to inspect the location of the crime, is without merit. Views are within the discretion of the trial court, and refusal to allow a jury to view the scene is not a matter for review by this court. *Johnson v. Winship Machine Co.*, 108 Ga. 554 (2) (33 SE 1013); *Smith v. State*, 11 Ga. App. 89 (6) (74 SE 711).

■ The fifth special ground complains of the refusal to give the following charge. "When a killing is claimed to have been done on account of a reasonable fear in the mind of the slayer, threats accompanied by menaces, though the latter do not amount to an actual assault, may be sufficient to arouse the fears of a reasonable man that his life is in danger or that a felony is about to be perpetrated upon him. In all such cases the motive with which the slayer acted is for the determination of the jury. I charge you that if you find that the deceased in this case had conducted himself in a manner that would cause an ordinary, reasonable man to fear that his life was in danger or to fear that a felony was about to be perpetrated on him then you should find the defendant not guilty." If a charge is legal, pertinent, and adjusted to the issues in the case, such requested charge must be given in the language requested. *Vaughan v.*

*Vaughan*, 212 Ga. 485 (1) (93 SE2d 743). In the instant case the request did not present a correct statement of the law on the subject of the fears of a reasonable man as a justification for a homicide. *Code* § 26-1012 provides: "It must appear that the circumstances were sufficient to cite the fears of a reasonable man, and that the party killing really acted under the influence of those fears, and not in a spirit of revenge." The instructions requested wholly omitted the essential element that to make the killing justifiable on the grounds that it was committed under the fears of a reasonable man, it must appear that the homicide was not committed in a spirit of revenge. *Johnson v. State*, 173 Ga. 734 (1) (161 SE 590). This was an imperfection in the requested charge, and thus, no error was committed in refusing to give it.

■ The evidence authorized the verdict. Accordingly, the general grounds of the motion for a new trial are without merit.

*Judgment affirmed. All the Justices concur.*