### 46854. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. SNYDER et al.

DEEN, Judge. The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. *Code Ann.* § 81A-150 (a). A verdict may only be directed in situations where, if there were a determination the other way, it would have to be set aside by the court. Standard Acc. Ins. Co. v. Winget, 197 F2d 97 (34 ALR2d 250). It is only where reasonable men may not differ as to the inferences to be drawn from the evidence that it is proper for the judge to remove the case from jury consideration. *Canal Ins. Co. v. Tate,* 111 Ga. App. 377 (141 SE2d 851).

The facts of this case are set out in *State Farm Mut. Auto. Ins. Co. v. Snyder,* 122 Ga. App. 584 (178 SE2d 215), where the denial of the plaintiff's motion for summary judgment was affirmed by this court. The issue was whether the injured plaintiff, Mrs. Snyder, was a "member of the family of the insured residing in the same household as the insured" so as to exclude coverage for bodily injury as to her daughter, the spouse of the

named insured in an automobile liability policy. After setting out all the evidence offered on the motion favorable to Mrs. Snyder's position that she was not a member of the same household within the coverage detailed (and no more favorable evidence was offered on the trial) this court said: "We cannot say as a matter of law that Mrs. Snyder was living in the Harned household. There is evidence which, if believed, would authorize a jury to conclude that she maintained her own domestic establishment, although under the same roof, and therefore another 'household' within the meaning of the policy." While it is true that we did not pass at that time upon the question of whether a verdict was demanded for the plaintiff (the holding being only that a verdict was not demanded *against* the plaintiff as a matter of law) nevertheless, the converse of the statement above quoted is also true. The jury must determine as a matter of fact whether one or two households existed, in view of the character of the evidence offered on the motion and other evidence available at the trial.

It was error to direct a verdict in favor of the defendant.

*Judgment reversed. Jordan, P. J., and Clark, J., concur.*
ARGUED JANUARY 6, 1972—DECIDED JANUARY 24, 1972.

*Greer & Murray, Malcolm S. Murray, Kenneth C. Pollock,* for appellant.

*Richard T. Bridges, Edgar A. Fry, Harry A. Crawley,* for appellees.