29206. MARTIN v. MOORE et al.

INGRAM, Justice.

This appeal arises from the trial of a quo warranto action against Lonie Martin in which the jury found that he had vacated his office as a county commissioner of Stephens County. After the jury verdict, the trial court removed Mr. Martin from office, appointed an interim commissioner, and ordered a special election to fill the vacancy.

Appellant's sole contention on appeal is that the trial court erred in not granting a directed verdict in his favor under the authority of Code Ann. § 81A-150 (a). That Code section provides in part: "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed."

Appellee contends there was sufficient evidence to submit to the jury the question of whether appellant had ceased to be a resident of Stephens County within the meaning of Code § 89-501 (5), providing that an office in this state shall be vacated by nonresidency; and also whether appellant had abandoned his office under Code § 89-501 (7) or had removed himself from Stephens County so as to be unable to perform his duties.

The trial judge instructed the jury on the provisions of Code § 89-501 and also charged the jury that under the statute establishing the Board of Commissioners for Stephens County (Ga. L. 1937, pp. 1415-1422), a vacancy in office also occurs when there is a "removal from the county" by the commissioner. The trial judge further

instructed the jury that this phrase "removal from the county" contemplates such a substantial removal or absence from the county as would preclude the office holder from satisfactorily and properly performing the duties of his office. It is evident that this statute complements the general statute relating to offices in the state. See Code § 89-501 (7). No objection was made to this charge at the trial and there is no contention in the appeal that the charge was incorrect or inapplicable to the issues in the case.

There was evidence at the trial that appellant was away from Stephens County for a substantial period of time while taking part in a training program with his employer-company in Illinois. There was also evidence relating to how much time appellant spent tending to his duties as a county commissioner. Although the evidence, introduced to show that appellant was no longer a resident of Stephens County, or that he had vacated his office or had removed himself from the county, did not demand a verdict against him there was sufficient evidence to make a jury issue in the case. To require a verdict to be directed for appellant, there would have to be no conflict in the evidence as to any of these material issues, and the evidence, with all reasonable deductions therefrom, would have to demand a verdict for him. See *State Farm Mut. Auto Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972); *Canal Ins. Co. v. Tate,* 111 Ga. App. 377, 386 (141 SE2d 851) (1965); Code Ann. § 81A-150 (a).

We cannot agree that the evidence demanded a verdict for appellant as a matter of law. We hold the jury was authorized to determine, from the evidence presented, the facts which determined appellant's status for the purposes of residency and adequate performance of his duties as a county commissioner. There was evidence presented from which the jury at least could decide that appellant had removed himself from the county to the extent that he was precluded from satisfactorily and properly performing the duties of his office. Therefore we hold the trial court did not err in refusing to direct a verdict in favor of appellant at the conclusion of plaintiff's evidence and at the close of all the evidence.

As we find no merit in either of the enumerations of error in the case, the judgment of the trial court will be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 11, 1974 — DECIDED SEPTEMBER 24, 1974.

*London & Welch, Maylon K. London, Martin W. Welch, Winston Owens,* for appellant.
*Alton M. Adams,* for appellees.