## 51178. JETT v. THE STATE.

WEBB, Judge.
David Eugene Jett was indicted for two counts of burglary, tried, found guilty and sentenced to ten years imprisonment. He appeals from the denial of his motion for new trial.
1. Jett enumerates as error the trial court's ad-

mission in evidence of an alleged confession, asserting that the warrant under which his apartment was searched was illegal, that this being true his arrest was illegal, and that the confession was therefore the product of an illegal arrest and inadmissible in evidence.

There is nothing to support the allegation that the arrest was illegal. The search warrant here attacked was not introduced in evidence and, although appellant challenged the voluntariness of his confession at the trial, no objections as to the legality of the search warrant or his ensuing arrest were raised until this appeal. "An issue not raised during the trial in any form calling for a ruling will not be considered by this court. [Cit.]" *Sanders v. State,* 134 Ga. App. 825, 826 (216 SE2d 371).

2. Jett contends that his confession was made involuntarily while he was intoxicated, during a period of tension and because of his lack of education. He argues that this is "indicated by his signed statement where he signed both yes and no," citing page 57 of the transcript. The testimony on that page refers to the waiver of rights form signed by Jett, and an examination of that form reveals that the only check marks made thereon are in the "yes" blocks.

Furthermore, the question of voluntariness was properly considered in a Jackson-Denno hearing held outside the presence of the jury. The trial court's determination that the statement was freely and voluntarily given and admissible for the jury's consideration was supported by a preponderance of the evidence as required by *High v. State,* 233 Ga. 153 (210 SE2d 673), and was not erroneous. The jury clearly found that the confession was freely and voluntarily given since Jett's statement was the only evidence linking him to the burglaries and he was found guilty. This enumeration is without merit.

3. The enumeration complaining that admission of Jett's confession in evidence improperly placed his character in issue has not been argued and no authority cited in support. Consequently, it will be deemed abandoned. *Carney v. State,* 134 Ga. App. 816 (3) (216 SE2d 617).

4. The enumeration of error based upon the general

grounds of his motion for new trial is not meritorious. The evidence amply supports the verdict, and the verdict is not contrary to the law or the evidence.

*Judgment affirmed. Bell, C. J., and Marshall, J. concur.*

SUBMITTED OCTOBER 6, 1975 — DECIDED OCTOBER 22, 1975 — REHEARING DENIED NOVEMBER 14, 1975.

*Richard B. Chandler, Jr., Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.

*Bryant Huff, District Attorney, Dawson Jackson, Robert A. Barnaby, II, Richard T. Winegarden, Assistant District Attorneys,* for appellee.