## 51666. SUMNERS v. THE STATE.

QUILLIAN, Judge.

The defendant, appellant here, was indicted, tried and convicted for violation of the Georgia Controlled Substances Act (2 counts). Appeal was taken from his sentence to four years on each count to be served concurrently.

The sole enumeration of error recites: "The Court

below erred in granting Appellee's Motion for a directed verdict." The trial judge did not grant appellee's motion for a directed verdict for no such motion was made, neither did the defendant move for a directed verdict in his favor. Furthermore, the argument addressed to this court concerns an objection made to testimony by a state's witness concerning alleged contraband which was not in court. Counsel for the defendant objected to the absence of such evidence on the ground that the contraband was the highest and best evidence and was required to be produced in court. The objection was overruled.

One can not urge a ground different from that enumerated as error and totally fail to argue the ground so enumerated. *Wall v. Rhodes,* 112 Ga. App. 572 (1) (145 SE2d 756); *Pinyan v. Liberty Mut. Ins. Co.,* 113 Ga. App. 130, 133 (147 SE2d 452); *Slaughter v. Linder,* 122 Ga. App. 144, 148 (176 SE2d 450); *Cross v. Miller,* 221 Ga. 579, 582 (146 SE2d 279). Moreover, as we observed in *Willingham v. State,* 134 Ga. App. 603, 606 (215 SE2d 521): "The term 'best evidence rule' is misleading. This is really a preferential rule giving first preference to the original writing. . . The rule has nothing to do with evidence generally, but is restricted to writings alone. The Georgia statute states: 'The best evidence which exists of the fact sought to be proved shall be produced, unless its absence shall be satisfactorily accounted for.' *This statute has been clearly construed to apply only where the contents of a writing are in issue. Where the existence of a fact is the question at issue and not the contents of a writing, then oral and written evidence of the fact may both be primary evidence.*"

No reversible ground appearing, the judgment below must be affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 15, 1976 — DECIDED FEBRUARY 4, 1976.

*Bobby G. Beasley,* for appellant.
*Richard E. Allen, District Attorney, Stephen E. Curry, Assistant District Attorney,* for appellee.