## 31218. SUTTON v. THE STATE.

UNDERCOFLER, Presiding Justice.

Willie Calvin Sutton was convicted by a jury on circumstantial evidence of the murders of his two apparently illegitimate infant daughters and for setting fire to his home to conceal the crimes. He received two consecutive life sentences for the murders and ten years for the arson to be served concurrently with the second life sentence. He appeals.

Appellant assigns as error the refusal of the trial judge to direct a verdict of acquittal at the close of the state's evidence; denial of a request that the jury visit the scene of the fire; overruling of an objection to testimony concerning incriminating admissions made by defendant following the arson; and failure to charge.

After a careful review of the record, we affirm.

1. The record shows appellant lived in a residence which was consumed by fire soon after appellant left for work. Firemen later discovered the bodies of appellant's two infant daughters in one of the bedrooms. Expert testimony showed the fire to have been deliberately set; the children died of suffocation prior to the fire; and appellant was the last person to leave the house immediately prior to the discovery of the fire.

Further evidence showed the appellant returned to the scene of the fire shortly after the firemen arrived;

appeared to be disinterested in the fate of his daughters; and lied to an investigating officer as to his reason for returning to the house. The record showed appellant wanted to return to live with his estranged wife and she, under oath, at first denied, then, under cross examination by the prosecutor, affirmed she had told appellant the week before the murders that she would not consent to his being with her again as long as "that woman and those children . . . those children are out there." Appellant was shown to have had the means at his disposal to carry out the fire, and he made incriminating statements in the presence of a friend about one week following the arson.

We find the evidence introduced during the trial was sufficient to convict appellant on circumstantial evidence and did not demand a verdict of acquittal. The trial judge properly overruled the motion for directed verdict at the end of the state's case. Code Ann. § 27-1802 (a); *Bethay v. State,* 235 Ga. 371, 376 (219 SE2d 743) (1975); *Merino v. State,* 230 Ga. 604 (198 SE2d 311) (1973).

2. Appellant contends the court erred in overruling his objection to the admission of testimony of a state's witness to overhearing incriminating statements made by appellant "while asleep." The statements, uttered in the presence of a friend, Billy Joe White, were incriminating, referring to Theresa Gould, the mother of the deceased children with whom appellant was living, and with whom appellant and Investigator McGhee had met earlier that evening. The evidence shows appellant in a drunken stupor or asleep and was conflicting as to whether appellant was conscious or unconscious when he made such statements. Such matters lie within the province of the jury to decide. The statements were relevant and material to the issues before the court and not inadmissible for any reasons stated by appellant.

3. There is no merit to the contention the trial court erred in refusing to permit the jury, after request, to visit the scene of the fire. This matter is discretionary, and the court did not abuse its discretion in denying the request. *Lackey v. State,* 217 Ga. 345 (2) (122 SE2d 115) (1961); *Pope v. State,* 150 Ga. 703 (7) (105 SE 296) (1920).

4. There is no merit in the contentions of appellant that there was error in the judge's refusal to charge as

requested. The charge of the court was thorough, covering the issues of circumstantial evidence, malice and motive, reasonable doubt, and inconsistent statements set forth in appellant's enumerations of error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 15, 1976 — DECIDED SEPTEMBER 7, 1976.

*Sanders, Mottola, Haugen, Wood & Goodson, Parnell Odom,* for appellant.

*William F. Lee, Jr., District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson,* for appellee.