## 52888. IVEY v. THE STATE.

CLARK, Judge.

Appellant was convicted under two counts, one being for theft by receiving stolen goods and the other for theft of credit cards. *Held:*

1. Enumerations 1, 2 and 4 attack the trial judge's overruling in part of appellant's motion to suppress evidence. There were two lengthy evidentiary hearings on this motion which involved a considerable number of seized items. The matter was complicated by the fact that the officers had acted under a search warrant which the district attorney at the commencement of the hearing admitted to have been legally defective. As a result of the invalidity of the warrant the trial judge suppressed numerous items but decided against the defendant as to those items involved in the two counts on which he was convicted. As to these items the court's order reads: "There being testimony that officers first entered defendant's mobile home at his invitation and prior to exhibiting said search warrant and that certain items reasonably believed to have been stolen were thereupon seen in plain view. . ." On the basis of the conclusion by the trial judge we are constrained to hold that there is no merit to these three enumerations of error.

"On motion to suppress evidence, the trial judge sits as the trior of facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cit.]" *State v. Swift,* 232 Ga. 535, 536 (1) (207 SE2d 459). There was sufficient evidence to meet this requirement. The cases of Bumper v. North Carolina, 391 U. S. 543 (88 SC 1788, 20 LE2d 797) and *Clare v. State,* 135 Ga. App. 281 (217 SE2d 638) are therefore not applicable to this appeal.

2. The third enumeration deals with a development which occurred during the main trial. This concerned testimony from an Augusta detective, the principal prosecuting witness. Defendant contended the detective's testimony at the trial was contradictory to that presented in the suppression trial to the extent that the detective was successfully impeached.

Code § 38-1806 states the law as to impeachment: "When a witness shall be successfully contradicted as to a material matter, his credit as to other matters shall be for the jury, but if a witness shall swear wilfully and knowingly falsely, his testimony shall be disregarded

entirely, unless corroborated by circumstances or other unimpeached evidence. The credit to be given his testimony where impeached for general bad character or for contradictory statements out of court shall be for the jury to determine." Since this testimony did not come within the category of perjury, the question of a successful impeachment was for the jury to decide under instruction on that subject which was given by the trial judge.

In cogent phrases, Justice Little[1] stated the applicable rule as to treatment of contradictory testimony: "The jury in all cases must, in the process of arriving at the truth, determine what credit shall be given to each particular witness; and even though a witness is proved to have made statements directly contrary to his evidence, that evidence affords a sufficient basis for a verdict, if the jury believe it to be true." *Haywood v. State,* 114 Ga. 111 (1) (39 SE 948).

The contention that the detective's contradiction required the trial judge to reverse his previous suppression decision is without merit. "In a hearing on a motion to suppress, the credibility of the witnesses is for the judge's determination." *Gilliland v. State,* 139 Ga. App. 399, 401 (1) (228 SE2d 314).

Appellant argues this development warranted recess and continuance of the main trial. This decision was one for the exercise of the court's discretion and we find no abuse thereof in the denial of appellant's motion.

3. The remaining enumerations as to denying appellant's motion for a directed verdict of acquittal on the credit card theft and in overruling appellant's motion for new trial are lacking in merit.

---

[1] William A. Little (1838-1924) of Talbotton had a remarkable public service career which is detailed in his memorial in 159 Ga. 901. After resigning from the Supreme Court to re-enter practice, he later accepted appointment to the trial bench of the Chattahoochee Circuit because "he aspired to be able to conduct a Superior Court according to his own idea of what that Court should be."

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED OCTOBER 6, 1976 — DECIDED OCTOBER 27, 1976 — REHEARING DENIED DECEMBER 8, 1976.

*Harris, Chance & McCracken, Kenneth R. Chance,* for appellant.

*Richard E. Allen, District Attorney, James W. Purcell, Assistant District Attorney,* for appellee.