## 32104. BROWN et al. v. TRULUCK et al.

BOWLES, Justice.

This case arose out of an action in the Superior Court of Marion County to partition a 192.5 acre tract of land in that county. The relevant facts, which are undisputed, follow: The appellee, Mona Truluck (formerly Brown), was divorced from her husband, Willie B. Brown, and in the decree was awarded an undivided one-half interest in the subject lands, the record title to which had been, prior to that time, held by her husband. In the divorce proceedings the two minor children were unrepresented as to any interest they might have had in this property. Subsequent to the divorce, Mrs. Truluck filed this action to partition same. Following filing of the complaint, against her former husband, Bill B. Brown and Bob R. Brown, the two children of Willie and Mona Brown (now Truluck), and appellant-intervenors herein, now of age, filed a petition for intervention which was allowed by the court. In their petition they allege that their parents had *voluntarily promised* and assured each of them a one-fourth interest in the subject lands. A jury trial was held and evidence was introduced by the parties as to the interest of the plaintiff, the defendant and the sons in the property. At the conclusion of all the evidence the court directed a verdict against the intervenors' claims and it is from this verdict and the subsequent order dismissing them as parties they appeal, and assign error.

Under Section 24 of the Civil Practice Act, Code Ann. § 81A-124 (a), a person shall be permitted to intervene "when the applicant claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." As recognized by the Court of Appeals in *Lynn v. Wagstaff*

*Motor Co.,* 126 Ga. App. 516, 517 (191 SE2d 324) (1972), "the requirements for intervention under the rule are three-fold: interest, impairment resulting from an unfavorable disposition, and inadequate representation. See 3B Moore's Federal Practice 24-281, § 24.09-1[1]." An applicant will not be permitted to intervene in an action unless he can establish: (1) an interest relating to the property or transaction which is the subject matter of the action, (2) an impairment of his interest which may result from an unfavorable disposition of the lawsuit to which intervention is sought, and (3) inadequate representation of this interest by the parties now involved in the lawsuit.

In the present case, appellants must have first established an *interest* in the property in order to intervene under the statute. This, we believe, they failed to do.

In their pleadings the appellants stated that their petition for intervention rested upon a theory that they had each been conveyed a one-fourth interest in the property as a result of *voluntary promises* made by their parents. They had no deed. The theory of a gift, which is now raised by appellants in support of their enumeration of error, was neither raised in the pleadings nor brought out at the trial. In fact, when confronted by the court as to whether they were claiming an interest by way of gift or voluntary promises the following discussion took place in open court but outside the presence of the jury: The Court: (Directed to counsel for intervenors) "Are you claiming that there was a gift made of the land?" Appellants' Counsel: "No, sir, not a gift — I'm contending — I don't think we could proceed under the standards of the gift." The Court: "Because the gift and promises are two different things." Appellants' Counsel: "I think my proceedings has to be made on the basis of the promises."

The theory of gift was not before the court at the trial, and cannot be raised for the first time on appeal. *City of Moultrie v. Colquitt County Rural Electric Co.,* 211 Ga. 842 (89 SE2d 657) (1955). Since the appellants are precluded from contending for the first time on appeal that a gift of the property was made, this court's review is limited to a determination of whether the trial court erred

in directing a verdict against the intervenors on the theory of *voluntary promises.*

Georgia Code Ann. § 37-804 provides in regard to the specific performance of voluntary promises that: "Specific performance will not be decreed of a voluntary agreement or merely gratuitous promise. If, however, possession of lands has been given under such agreement, upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree the performance of the agreement."

This court in *Causey v. Causey,* 224 Ga. 458, 461 (162 SE2d 372) (1968) stated that: "In order to prevail under the provisions of the above cited Code section, it is necessary to establish each of its requirements to authorize a decree of performance of a parol gift. . . Furthermore, where title is claimed by virtue of the provision of Code § 37-804, the parol gift thus asserted must be established by evidence which shows its existence beyond a reasonable doubt."

It has long been the law of this state that "The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. Code Ann. § 81A-150 (a). . . It is only where reasonable men may not differ as to the inferences to be drawn from the evidence that it is proper for the judge to remove the case from jury consideration. *Canal Ins. Co. v. Tate,* 111 Ga. App. 377 (141 SE2d 851)." *State Farm Mutual Auto. Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878) (1972); *Martin v. Moore,* 232 Ga. 842 (209 SE2d 182) (1974); *Humble Oil &c. Co. v. Mitchell,* 230 Ga. 323 (197 SE2d 126) (1973).

From a careful reading of the transcript and an examination of the documentary evidence introduced, it is clear that there was no evidence which could have established possession, consideration or improvements upon the property in question by the intervenors as required under Code Ann. § 37-804. We conclude the evidence presented no issue for the jury to pass on. Since the intervenors did not establish an interest in the property, as required under Code Ann. § 81A-124 (a), the trial judge did not err in directing a verdict against them.

*Judgment affirmed. All the Justices concur.*

108

Submitted March 11, 1977 — Decided
May 25, 1977.

*Nixon & Nixon, John P. Nixon,* for appellants.
*Harmon & Wells, James H. Harmon,* for appellees.