## 53880. COCHRAN v. BAXTER.

MARSHALL, Judge.

The appellant, Cochran, brings a pro se appeal from a jury verdict in favor of the appellee, Baxter. Baxter, an attorney, brought suit against Cochran for the value of legal services rendered in behalf of Cochran. These services unsuccessfully sought to have an indictment brought against a person, who apparently was an ex-employee of Cochran, for defalcation of funds. The disputes whether a contract was entered into between Baxter and Cochran, as to the amount of the fee, and whether the services were rendered pursuant to the contract, were matters tried before the jury. In his notice of appeal, Cochran directed that the transcript of the evidence would not be filed. In his enumerations of error, Cochran makes three one-sentence-long allegations without citation of authority or amplifying argument. These enumerations seem to say that Cochran, having failed in his first defense of the case while acting pro se, would like "a second bite at the apple," this time with the assistance of an attorney. *Held:*

For either one of two reasons, we affirm this case. The burden is always on the appellant in assertions of error to show it affirmatively by the record. Cochran filed a motion for new trial upon the general grounds only. In his enumerations, he does not indicate dissatisfaction with the denial of his motion for a new trial. Moreover, in his notice of appeal he states that the transcript of evidence will not be filed for inclusion in the record and no transcript has been forwarded to this court. Under such circumstances, we cannot examine the validity of the asserted errors in the absence of the transcript. Thus, the

judgment below must be affirmed. *Lee v. Tollerson,* 139 Ga. App. 446, 447 (228 SE2d 595) (1976); *Martin v. Britts Home Furnishings,* 137 Ga. App. 360 (223 SE2d 757) (1976); *Pastis v. Haverty Furniture Cos.,* 134 Ga. App. 9 (213 SE2d 161) (1975). Moreover, the appellant's brief contains a mere recital of the existence of three errors without argument or citation of authority. These enumerations are deemed to have been abandoned. *Ezzard v. State,* 229 Ga. 465 (192 SE2d 374) (1972); *Andrew v. State,* 229 Ga. 388, 389 (191 SE2d 841) (1972); *Power v. Tallant,* 137 Ga. App. 575 (224 SE2d 534) (1976); *O'Kelley v. Hayes,* 132 Ga. App. 134 (207 SE2d 641) (1974); *Rodriguez v. Newby,* 131 Ga. App. 651, 655 (5) (206 SE2d 585) (1974). There being no matter for consideration by this court, the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Argued May 4, 1977 — Decided June 13, 1977.

*James H. Cochran,* pro se.
*Weston D. Baxter,* pro se.