## 54548. JEFFERSON et al. v. JOHNSON et al.

BIRDSONG, Judge.

Appellant predicated this legal malpractice suit upon the alleged negligence of appellees in failing to file an answer to a proceeding against tenant holding over. A jury verdict in favor of appellees precipitated this appeal. *Held:*

1. Appellant raises, for the first time, an objection to a charge given by the trial court. "A party in a civil case cannot complain of the giving or the failure to give an instruction to the jury, unless he objects thereto before the jury returns its verdict. Code Ann. § 70-207(a). The exception to the rule found in Code Ann. § 70-207(c) . . . is inapplicable 'unless it appears that the error contended is "blatantly apparent and prejudicial" (*Hollywood Baptist Church v. State Highway Dept.*, 114 Ga. App. 98, 99 (3) (150 SE2d 271) (1966), and that a "gross miscarriage of justice attributable to it is about to result." *Nathan v. Duncan*, 113 Ga. App. 630, 638 (6b) (149 SE2d 383) (1966).'" *Sullens v. Sullens*, 236 Ga. 645, 646 (224 SE2d 921). Appellant has failed to satisfy the foregoing requirements, and this enumeration of error is therefore without merit.

2. Appellant's contention that a certain question posed by the trial court violated Code Ann. § 81-1104 is supported by neither argument nor citation of authority, and is therefore deemed abandoned. *Cochran v. Baxter*, 142 Ga. App. 546 (236 SE2d 528). Moreover, the failure of appellant to object to the question or move for a mistrial estops her from raising an objection on appeal. *Ezzard v. State*, 229 Ga. 465 (2) (192 SE2d 374) and cits. This enumeration of error is meritless.

3. Appellant contends that the trial court committed error in refusing to admit evidence of a compromise settlement of a malpractice suit, arising out of the same circumstances upon which appellant's action is based, between appellee and appellant's roommate. Upon objection to the attempted introduction of this evidence, appellant's trial counsel stated, "I'm not going to present an argument to him, Your Honor. I'll let Your Honor rule on it." In no way did appellant's counsel attempt to perfect

the record or otherwise demonstrate the purpose of the excluded testimony. Under these circumstances, no reversible error was committed. *Penland v. State,* 229 Ga. 256 (190 SE2d 900). See Code § 38-408; *Ga. R. &c. Co. v. Wallace & Co.,* 122 Ga. 547 (2) (50 SE 478). This enumeration of error is without merit.

4. Appellee's motion for damages for frivolous appeal is denied.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 8, 1977 — DECIDED
NOVEMBER 15, 1977.

*John L. Green, A. Glen Steedley, Jr.,* for appellants.
*Nall, Miller & Cadenhead, James S. Owens, Jr.,* for appellees.