## 54849. MEGAR v. THE STATE.

BIRDSONG, Judge.

Appellant Megar was convicted of two counts of kidnapping, two counts of aggravated sodomy, and simple assault. From conviction and sentencing of 15 years, concurrent, Megar appeals. *Held:*

1. In enumerated errors no. 1, 8, 9, and 10, appellant asserts that the trial court erred in declining to suppress certain evidence seized in a search, pursuant to a valid warrant of appellant's residence and automobile. " 'On motion to suppress evidence, the trial judge sits as the trior of facts, hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. [Cit.]' " *Ivey v. State,* 140 Ga. App. 713, 714 (231 SE2d 384); *State v. Swift,* 232 Ga. 535, 536 (1) (207 SE2d 459). The evidence satisfied this standard, and the foregoing enumerations of error are therefore without merit.

2. Appellant's contention that certain evidence was inflammatory to the jury is supported by neither argument nor citation of authority and is therefore deemed abandoned. *Cochran v. Baxter,* 142 Ga. App. 546 (236 SE2d 528).

3. Enumerated error no. 2 alleges that the trial court erred in denying appellant's pre-trial motion for a "Bill of Particulars." Appellant does not cite, and this court is unaware of, any applicable statute or law authorizing the grant of such a motion in a state prosecution. The

appropriate method for questioning the sufficiency of form and substance of an indictment is by demurrer, and failure to demur operates as a waiver of the right to be tried by an indictment perfect in form and substance. *Mealor v. State,* 135 Ga. App. 682, 683 (1) (218 SE2d 683). Furthermore, "Every indictment or accusation shall be deemed sufficiently technical and correct which states the offense in the terms of the Code or so plainly that the nature of the offense charged may be easily understood by the jury. Code Ann. § 27-701." *Mealor v. State,* supra, p. 683. The indictments satisfied the above standard. This enumeration is without merit.

4. In enumerated errors no. 3 and 12, appellant contends that the trial court erred in denying his request to allow a jury view of the automobile in which the alleged acts occurred. "This matter is discretionary, and the court did not abuse its discretion in denying the request. [Cits.]" *Sutton v. State,* 237 Ga. 418, 419 (228 SE2d 815). See *Lackey v. State,* 217 Ga. 345 (2) (122 SE2d 115). Appellant's contention that jury inspection of the automobile was demanded by the "best evidence" rule is also meritless in view of this court's holding that "[t]he rule has nothing to do with evidence generally, but is restricted to writings alone." *Willingham v. State,* 134 Ga. App. 603, 606 (215 SE2d 521). See also *Sumners v. State,* 137 Ga. App. 493 (224 SE2d 126).

5. Appellant complains that the trial court erred in prohibiting cross examination of one of the alleged victims concerning certain mental health records, which, in camera inspection revealed, were in no way related to the credibility of the witness. "[T]he scope of the cross examination rests largely within the discretion of the trial judge, to control this right within reasonable bounds, and his discretion will not be controlled by a reviewing court unless it is abused." *Moore v. State,* 221 Ga. 636, 639 (146 SE2d 895). As no abuse of discretion is shown, this enumeration of error is without merit.

6. Appellant urges as ground for mistrial the admission of testimony by an investigating officer that, after receiving the name of appellant, he, the officer, ". . . located a photograph of [appellant] and put it along with several other photographs." This testimony did not place

appellant's character in issue, and this enumeration of error is without merit. *Tanner v. State,* 228 Ga. 829 (6) (188 SE2d 512); *Martin v. State,* 225 Ga. 234 (2) (167 SE2d 638).

7. In enumerated errors no. 6 and 7, appellant complains of the trial court's admission of a statement signed by appellant, on the ground that it was not freely and voluntarily given. A proper Jackson-Denno hearing was held, evidence was submitted as to the circumstances and contents of appellant's signed statement, and the trial court found that the appellant understood his rights and freely and voluntarily signed the statement. No error appears. *Brazell v. State,* 140 Ga. App. 340 (231 SE2d 105); *Jett v. State,* 136 Ga. App. 559 (222 SE2d 54).

8. Appellant argues that the trial court erred in admitting into evidence a knife obtained in a search of appellant's residence. The record reveals that one of the victims identified this knife at trial, stating that it "looked like" the knife allegedly wielded by appellant while the victims were in his automobile. The admission into evidence of the knife was not error. *Sinkfield v. State,* 231 Ga. 875 (204 SE2d 588).

9. Appellant contends that the trial court erred in refusing to direct a verdict for appellant, as to all charges, at the close of the state's case or at the close of all the evidence. "The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict." *State Farm Mut. Auto Ins. Co. v. Snyder,* 125 Ga. App. 352 (187 SE2d 878); *Merino v. State,* 230 Ga. 604 (198 SE2d 311). "Furthermore, evidence in cases of directed verdict must be construed most favorably toward the party opposing the motion." *Nationwide Mut. Ins. Co. v. Ware,* 140 Ga. App. 660, 664 (231 SE2d 556). The trial court did not err in denying appellant's motion for directed verdict either at the close of the state's case or at the close of all the evidence.

10. Appellant urges that the trial court erred in denying his motion to dismiss the charge of aggravated assault, for the sole reason that the submission of such charge "created confusion in the minds of the jurors." This

reason falls short of legal argument, and this enumeration of error is deemed abandoned. *Haskins v. Jones,* 142 Ga. App. 153 (1) (235 SE2d 630).

11. Appellant argues that the trial court erred in charging the jury, subsequent to a charge on aggravated assault, on the lesser included offense of simple assault, which error was compounded by a jury finding of guilty of that lesser offense. As the trial court found that the lesser offense merged with other offenses of which appellant was convicted, and for that reason dismissed the charge, no reversible error is shown. *Pilkenton v. Eubanks,* 139 Ga. App. 673, 675 (229 SE2d 146).

12. Appellant contends that a verdict of guilty as to aggravated sodomy is inconsistent with and repugnant to an acquittal as to aggravated assault. As a conviction of the former offense requires only that the act be committed "with force and against the will of the other person" (Code Ann. § 26-2002), and conviction of the latter requires proof of an assault "(a) with an intent to murder, to rape, or to rob, or (b) with a deadly weapon" (Code Ann. § 26-1302), it is obvious that each offense may be comprised of different elements. A finding that. the assault was without use of a deadly weapon is in no way inconsistent with a finding that the sodomy was accompanied by force and against the will of the victims. This contention is without merit.

13. Appellant argues that the trial court erred in denying his motion for new trial for the reason that the grant of a new trial as to the aggravated assault charge and the subsequent dismissal thereof require the grant of a new trial as to all offenses for which appellant was indicted. For the reasons stated in Divisions 11 and 12, this contention is without merit.

*Judgment affirmed. Webb, J., concurs. Deen, P. J., concurs specially.*

ARGUED NOVEMBER 3, 1977 — DECIDED JANUARY 4, 1978 — REHEARING DENIED JANUARY 23, 1978 —

*Moulton, Carriere, Cavan & Maloof, Bryan M. Cavan,* for appellant.

*M. Randall Peek, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge, concurring specially.

I concur fully with all that is said in the majority opinion.

State's exhibit 12 depicting close-up pornography photographs of group sodomy sex copulations may have been inflammatory to the jury, but they were properly identified by both young ladies who were the victims. They testified that defendant showed the pornography photographs to them as a kind of suggested outline or blueprint of the performance he expected: "This is what you are going to be doing tonight." The evidence reflected that this was exactly the performance he required — first, the girls were forced to commit sodomy on him, by taking turns, and second, he compelled them to commit sodomy on each other, all as shown by the pornography photographs. There was no error in admitting the photographs that belonged to the defendant, as the jury may have made the permissible inferences that viewing paraphernalia of pornographic photographs may have encouraged defendant's initial perpetration of the crimes of kidnapping and sodomy, or, at least aided in showing his intent thereof.