## 55799. MANEMANN v. THE STATE.

McMurray, Judge.

Defendant was indicted for the offense of burglary. He was thereafter tried and convicted and sentenced to serve a term of five years. Defendant appeals. *Held:*

1. The burglary was reported to the police at approximately 7:45 to 8 a. m. on August 3, 1977. In the early morning hours of August 4, 1977, the defendant was arrested by a deputy sheriff for certain traffic violations (failing to grant right-of-way, driving without a license and expired motor vehicle sticker) as he was exiting from a local motel. A plastic bank bag was seen in plain view on the floorboard of the automobile being driven by the defendant. Being aware of the burglary "the night before," the deputy reported the presence of the bank bag to the investigating officer of the local police department. A search warrant was obtained to search the motel room where the defendant was a registered guest assigned to that particular room. Another bank bag containing money and other fruits of the crime were obtained during this search. Thereafter, the owner of the motor vehicle driven by the defendant gave a consent to search that vehicle, and the bank bag seen in plain view was obtained also as evidence. Based upon alleged mistakes in the time element (the return on the search warrant showing that the search had been carried out prior to the issuance of the warrant) the defendant contends that inasmuch as the testimony of the affiant police officer who had obtained the search warrant had been impeached (and he also contends this officer's testimony during the trial has been shown to be perjury), the motion to suppress the evidence should have been granted. Code Ann. § 27-312 (Ga. L. 1966, pp. 567, 571) clearly states: "No warrant shall be quashed nor evidence suppressed because of technical irregularity not affecting the substantial rights of the accused." Further, the making and filing of an inventory is merely a ministerial act not affecting the substantive rights of the accused. See *Williams v. State,* 125 Ga. App. 170, 171-172 (186 SE2d 756); *Waters v. State,* 122 Ga. App. 808, 809 (2) (178 SE2d 770).

While it is true the evidence was sufficient to

authorize the trial court sitting as the trier of facts to have suppressed the evidence here based either upon the alleged impeachment of the officer who obtained the search warrant and/or his alleged perjury, nevertheless the testimony here did not demand such a finding and this reviewing court will not disturb the decision of the trial judge in reviewing the denial of the motion to suppress. There was testimony by a police witness that the time element was obviously a mistake on the part of the police officer making the inventory. See *Megar v. State,* 144 Ga. App. 564 (1) (241 SE2d 447); *Ivey v. State,* 140 Ga. App. 713 (231 SE2d 384); *State v. Swift,* 232 Ga. 535 (207 SE2d 459). The evidence did not demand a finding that the defendant's conviction was obtained through and by the perjured testimony of the state's witnesses.

2. The trial court did not err in its finding during the Jackson-Denno (Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing that the oral incriminating statement made by the defendant was freely and voluntarily made without benefit of counsel, without being induced by another by the slightest hope of benefit or remotest fear of injury, having waived benefit of counsel after the police interrogator had advised him of his right to counsel. See Code § 38-411; *Johnson v. State,* 233 Ga. 58 (209 SE2d 629); Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618); *Colbert v. State,* 124 Ga. App. 283 (1) (183 SE2d 476); Miranda v. Arizona, 384 U. S. 436, 475 (86 SC 1602, 16 LE2d 694).

3. The evidence here did not demand a verdict of acquittal, or one of not guilty, in considering the evidence introduced with all reasonable deductions and inferences therefrom. See *Merino v. State,* 230 Ga. 604 (198 SE2d 311).

4. The indictment here charged the defendant with the offense of burglary in unlawfully entering "the club building of Veterans of Foreign Wars, Post No. 8452, located at 300 Jones Street, Gainesville, Georgia, of Don Helton the owner thereof." The evidence established that Don Helton was merely the janitor who discovered that the building had been burglarized. It was, of course, established that Helton rightfully occupied it as well as the manager in charge. Thus, assuming that it was

established that Helton was not the owner of the building this variance between the allegation and proof was not fatal. See *DePalma v. State,* 225 Ga. 465, 469 (3) (169 SE2d 801); Berger v. United States, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314). The case differs on its facts from that of *Moore v. State,* 130 Ga. App. 186 (202 SE2d 556), and *Bell v. State,* 227 Ga. 800, 802 (183 SE2d 357). The indictment definitely informed the defendant as to the charge against him in entering into the club building of the Veterans of Foreign Wars, Post No. 8452, located at a certain address in Gainesville, Georgia, even though it be assumed that Helton was not the owner but merely the lawful occupant upon proof of possession. See in this connection *Hall v. State,* 7 Ga. App. 115 (3) (66 SE 390); *Alexander v. State,* 139 Ga. App. 338 (228 SE2d 364). There is no merit in this complaint. The recent burglary of the building and the finding of the goods in the possession of the defendant, unaccounted for, raised a permissible inference that the possessor is the one who stole the goods. See *Aiken v. State,* 226 Ga. 840, 844 (178 SE2d 202); *Thomas v. State,* 237 Ga. 690, 692 (II) (229 SE2d 458). The request to charge that the burglary could not be proved or inferred simply from recent possession of objects or things taken from the building is not a correct statement of the law, and the court did not err in refusing to give this request. Compare *Dorsey v. State,* 239 Ga. 564, 565 (3) (238 SE2d 98). We also note that the trial court charged on recent possession verbatim from Suggested Instructions, compiled by the Committee on Pattern Jury Instructions, Council of Superior Court Judges of Georgia.

5. The proof of possession in an agent or caretaker is sufficient evidence of ownership of the premises. See Code § 26-401 (j); *Hall v. State,* 7 Ga. App. 115, 119 (3)(4), supra. The trial court did not err in its instruction as to the law of ownership.

6. The trial court did not err in charging that the mere proof of burglary of the premises and the defendant had possession of a part of the property allegedly stolen would not be sufficient to find the defendant guilty unless the jury was satisfied "beyond a reasonable doubt that he was the person who burglarized the premises in question and that he was in fact in possession of such property."

This does not constitute a charge that recent possession alone is sufficient evidence to authorize return of the verdict of guilty in an indictment for burglary.

7. In explaining to the jury the court's reason for holding a Jackson-Denno (Jackson v. Denno, 378 U. S. 368, supra) hearing the trial court charged the jury as follows: "You were excluded from the courtroom at the time the court made a determination that there was sufficient legal reason that these statements were given and these rights were given to the defendant by the police officer before soliciting any statement from the defendant, and for the court to make a determination that the legal rights were given to the defendant. However, only you can determine from the facts whether or not the statement was given freely and voluntarily, and whether or not these constitutional rights were sufficiently explained, and whether or not the defendant did voluntarily, freely, and willingly waive such rights." The court then continued to properly explain to the jury as to its duty to find that any statements made by the defendant were without the slightest hope of benefit or remotest fear of injury in determining that any such statement was freely and voluntarily made.

The Supreme Court in Jackson recognized that the overall determination of the voluntariness of a confession was an "exceedingly sensitive task," and heralded the requirement of a pre-trial hearing "in illuminating isolation and unbeclouded by other issues and the effect of extraneous but prejudicial evidence" to decide whether the confession should be admitted in evidence during the trial. Jackson v. Denno, 378 U. S. 368, 390, supra. Thus it held that, "It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence." Id. at 395. The Supreme Court also noted that where factual considerations are an important ingredient, appellate review is "an inadequate substitute for a full and reliable determination of the voluntariness issue in the trial court and the trial court's determination, *pro tanto,* takes on an increasing finality." Id. at 391. Therefore, the states were left "free to allocate functions

between judge and jury as they see fit." Id. at 391, Fn. 19.

In Georgia, the trial court is authorized to determine whether the signed confession was freely and voluntarily given and then admit the confession into evidence and submit the issue of voluntariness to the jury under appropriate instructions. *House v. State,* 232 Ga. 140, 145 (2) (205 SE2d 217) (1974). The instructions given in this case included a fair and complete explanation of the Jackson-Denno procedures, and provided proper guidance to the jury for its determinations. *Crawford v. State,* 236 Ga. 491, 493 (224 SE2d 365) (1976). The trial judge expressed no opinion as to what had or had not been proved and his charge did not assume that the defendant was guilty.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED MAY 3, 1978 — DECIDED OCTOBER 12, 1978 — REHEARING DENIED OCTOBER 30, 1978 — 

*Loggins & Murray, Hulon Murray,* for appellant.
*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.