### 74307. SELF v. THE STATE.
(356 SE2d 722)

BANKE, Presiding Judge.

The appellant was convicted of sodomy based on a deputy sheriff's testimony that he had observed the offense in progress when he looked inside a parked van at a rest area alongside an interstate highway. The appellant's sole enumeration of error on appeal is directed to the trial court's refusal to permit the jury to view the van in question, which was parked outside the courthouse during the trial. He contends that such a view was necessary to enable the jurors to evaluate the credibility of the deputy's testimony that he had been able to see inside the back of the van by shining a flashlight through the driver's window. The appellant was, however, allowed to introduce into evidence four photographs showing different views of the van. *Held*:

Whether to permit a jury inspection of the crime scene is a matter entirely within the discretion of the trial court. See *Lackey v. State*, 217 Ga. 345, 346 (2) (122 SE2d 115) (1961); *Sutton v. State*, 237 Ga. 418, 419 (3) (228 SE2d 815) (1976). We hold that no abuse of discretion has been established in the present case, particularly in view of the admission of the photographs.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED APRIL 16, 1987.

*G. Hammond Law III*, for appellant.
*C. Andrew Fuller, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.