### 74112. GODFREY v. THE STATE.
(370 SE2d 183)

BIRDSONG, Chief Judge.

On certiorari of our decision in *Godfrey v. State*, 183 Ga. App. 183 (358 SE2d 264), a majority of the Supreme Court held that "because of the lack of information regarding the fundamental nature of sleep talk," the record in this case does not provide "sufficient indicia of reliability" in the circumstances of the statement to render it ad-

missible under OCGA § 24-3-16, as a "later statement" about the event that would otherwise be hearsay. *Godfrey v. State*, 258 Ga. 28 (365 SE2d 93).

However, we do not reverse the conviction. We also held in Division 2 of our decision (183 Ga. App. at 186) that the child's statements under the peculiar circumstances of the case, qualify as an "outcry" arguably so near to the event and so free of afterthought and forethought, connivance or "reflective thought," as to be part of the res gestae, and so as to be *evidence of the crime itself*, and not merely a later statement by the child *about the crime*, as it might have been under § 24-3-1. These outcries occurred the night the child returned home after his mother picked him up at his grandfather's house. See *Taylor v. State*, 176 Ga. App. 567, 573-574 (336 SE2d 832). According to the mother, the boy's usual habit was to "tell you all about what he's done that day . . . after he goes to sleep." These res gestae outcries were original evidence. As such, in the jury's estimation in light of the mother's explanation of the child's habits (see *Godfrey*, 183 Ga. App. 183-184), they may have had a "special trustworthiness" for having occurred in the child's sleep the first night he returned home, insofar as they were determined to be a spontaneous declaration made in response to a startling event (see *House v. State*, 252 Ga. 409, 410-411 (314 SE2d 195)), lacking in connivance or contrivance and concerning an event and details about which a child is not likely to fantasize, involving a person about whom he is not likely to fantasize in that particular fashion. See *Keri v. State*, 179 Ga. App. 664, 665 (347 SE2d 236).

As for the fact that this res gestae erupted while he was asleep, the Georgia Supreme Court, in a case where a defendant's statements were made while he was asleep or in a drunken stupor, conscious or unconscious, held the statements were admissible and that "[s]uch matters [including necessarily their credibility and weight] lie within the province of the jury to decide." *Sutton v. State*, 237 Ga. 418 (2), 419 (228 SE2d 815).

In the recent case of *Johnson v. State*, 182 Ga. App. 154, 155 (354 SE2d 858), Presiding Judge Deen said, in sustaining the conviction for simple battery by Johnson of his since-deceased wife: "The allegedly 'hearsay' testimony of the victim's sisters as to what she said while hospitalized would more properly be characterized as *res gestae*, inasmuch as her semi-comatose condition would preclude the possibility of engaging in conscious thought proceeding from free will. The weight of the evidence and the credibility of witnesses are jury questions. [Cit.]"

To say otherwise in this case would be to say the child's utterances had no reliability as a matter of law and we, like the Supreme Court in *Sutton*, supra, cannot make such a statement. If the slightest

utterance of a drunken or sleeping defendant is sufficient to raise an issue for the jury (*Sutton,* supra) and cannot as a matter of law be rejected by the trial court and appellate court (*Spradlin v. State,* 151 Ga. App. 585, 586 (260 SE2d 517)), and the murmurings of a semi-comatose victim of a beating may be deemed so free of conscious contrivance as to be part of the event as res gestae, then the res gestae sleeping utterance of this victim ought to have the same value, and certainly no less. "[N]othing is more firmly settled in the law than the principle that, in a jury trial, the jurors are the sole judges of the credibility of witnesses. [OCGA § 24-9-80]." *Walker v. State,* 250 Ga. 230, 231 (297 SE2d 33).

The Supreme Court held this evidence does not contain sufficient "indicia of reliability" to be admitted under OCGA § 24-3-16, "because of the lack of information regarding the fundamental nature of sleep talk." *Godfrey v. State,* 258 Ga. 28, supra. For precisely the same reason, it is impossible for any court to say that as res gestae it is unreliable as a matter of law, even though, viewed as *a later statement about the event,* it may be hearsay. It is very well-settled that wherever the competency of evidence is doubtful, it should be admitted and its weight left for the jury, for the policy of Georgia courts is to admit such evidence, "because it is more dangerous to suppress the truth than to allow a loophole for falsehood. [Cit.]" *Whidby v. Columbine Carrier,* 182 Ga. App. 638, 645 (356 SE2d 709).

Accordingly, we examine the case afresh, without considering the evidence of the sleep-talk as a child's *later statement to another* as an exception to hearsay under OCGA § 24-3-16, but considering the utterances as part of the res gestae, or original evidence of the event itself, and thus, in the jury's estimation, bearing an even greater trustworthiness than it might have had under § 24-3-16. On this independent reflection, we affirm the conviction and find it meets the standard set forth in *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 13, 1988 —
REHEARING DENIED JUNE 1, 1988 —

*William L. Reilly,* for appellant.
*Roger G. Queen, District Attorney,* for appellee.