## 77097. McKENZIE v. THE STATE.
(373 SE2d 830)

BIRDSONG, Chief Judge.

Richard A. McKenzie was indicted for murder but convicted of involuntary manslaughter. The court entered judgment upon the jury verdict and then denied appellant's motion for new trial. McKenzie brings this appeal.

Several workers from a carnival were at Ruby's Pub in Sumter County, Georgia, during the evening of October 5-6, 1987. Harry "Buddy" Cousert was playing pool with appellant in which a few dollars were wagered. Cousert won a few games and appellant decided to stop. Cousert tried to get McKenzie to continue, and a shouting match erupted. Cousert then started playing pool with Dalton Sanders. A disagreement arose between them and a shoving match ensured. Johnny Riley, another carnival worker, escorted Cousert and Sanders outside and the men started fighting in the middle of U. S. Highway 19. They rolled into the ditch. Sanders admitted he was beaten and was left lying in the ditch. Cousert left the area with his girl friend, Kimberly McAllister, and they walked in the direction of their motel. McAllister testified that McKenzie came upon them from behind and knocked Cousert to the ground and beat Cousert with his hands and his feet. She tried to stop the fight but was unsuccessful. She said she ran across the street to a telephone where she called the police and an ambulance.

Ruby Blaine, one of the owners of Ruby's Pub, saw the arguments which involved appellant and Cousert, and the appellant and Sanders, and Riley escorting the participants outside the bar. She closed the bar and drove away in her pickup truck, but remembered that she had parked a friend's truck behind the bar and returned to the bar to check on the other truck. When she arrived in front of the bar, she saw Riley who told her his car would not start and requested she take him to get a "jumper" cable. She agreed and Sanders and his girl friend got in the front of the truck, and Riley and appellant got into the back of the truck. She drove all of them to their motel and left them.

A couple of police cars and an ambulance arrived at the scene of the fight and Cousert was taken to the emergency room of the local hospital where his worst cut was sutured, he was x-rayed and admitted for observation. When Cousert was lifted from the emergency room gurney to a bed, he had cardiac arrest. The doctors were unable to revive him. An autopsy showed the cause of death was the result of internal bleeding from a ruptured spleen, which was "pretty much torn in half." The emergency room doctor was of the opinion that the victim "died as a result of a severe beating."

Appellant testified that when he left the bar he could find none

of his friends and walked across the street where he encountered the victim and his girl friend. He said he asked Cousert where Sanders and Riley were and Cousert told him he had left Sanders " 'down the road in a ditch f. . . up and now I'm going to f. . . you up.' " McKenzie insisted that Cousert started the fight and that after each exchange of blows that McKenzie attempted to stop the fight but Cousert refused to stop. McKenzie testified that he was hurt and on the ground and kicked Cousert to protect himself. He said he was exhausted and had gone back to Ruby's and "got in the truck" and went to the motel with his friends. He told his friends that he had been in a fight but "didn't know who it was at the time."

Judgment was entered upon the jury verdict and when appellant's motion for new trial was denied he filed this appeal. *Held:*

1. The appellant contends the trial court erred in refusing to permit the jury to view the scene of the fight. Counsel argues that McAllister was the only eyewitness other than appellant and she had testified that she had seen appellant "beating" the victim from where she was using the telephone at a nearby Shell service station, and then had seen appellant get into a truck "at the 'bar.' " Appellant argues that "it would be impossible for McAllister to have seen the fight between Appellant and the alleged victim or [to see] the Appellant enter an automobile located at Ruby's Pub (the bar) while standing at the telephone. . . ." The transcript does not show with certainty where Ruby stopped her pickup truck when she returned to her bar. But Ruby, Riley, and McAllister testified that McKenzie got into the back of the pickup truck at the bar. A third witness who worked in that area saw the figure of a person standing over the victim's body, later identified as Cousert, and she saw that person cross the street and get into a pickup truck. There is no testimony that McKenzie was seen getting into "an automobile located at Ruby's Pub. . . ." Furthermore, McKenzie testified that he fought with Cousert and then entered the pickup truck and rode back to his motel with Ruby. Additionally, both the prosecution and the defense introduced photographs of the area involved.

The decision whether to permit the jury to view the scene of a crime is a matter entirely within the discretion of the trial court. *Sutton v. State*, 237 Ga. 418 (3) (228 SE2d 815); *Lackey v. State*, 217 Ga. 345 (2) (122 SE2d 115). We find no abuse of discretion, particularly in this instance when each side has introduced photographs depicting portions of the area they desired shown. *Self v. State*, 182 Ga. App. 656 (356 SE2d 722).

2. Counsel for appellant moved for a change of venue following voir dire. The voir dire was not transcribed, but counsel directed the court's attention to the fact that "twenty seven (27) of the jury panel stated that they had prior knowledge of the case and they had read

about it in the newspaper." The State argued that none of the jurors was disqualified "because of any prior knowledge or publicity in the case. Each and every one who said they'd heard it, said they could put that aside" and the State urged the court to deny the motion. The trial court denied appellant's motion and on appeal appellant requests a new trial "in which a fair and impartial jury could be impaneled."

Voir dire was not recorded nor does the transcript show that any objection was made, as is required for a transcript if objection is made. *State v. Graham*, 246 Ga. 341, 343 (271 SE2d 627). " 'To raise an issue as to error in the conducting of the voir dire, objection must be made in the trial court to preserve the issue for appeal.' " *Conley v. State*, 157 Ga. App. 166, 167 (276 SE2d 677). However, appellant argues that the error is in the denial of the motion for a change of venue.

" 'Traditionally, a defendant seeking a change of venue on the basis that the setting of the trial is inherently prejudicial relies heavily if not primarily or exclusively on news media reports. . . . However, widespread or even adverse publicity is not in itself grounds for a change of venue. . . .'

"This court has held that '[t]he test as to whether newspaper publicity has so prejudiced a case that an accused cannot receive a fair trial is whether the jurors summoned to try the case have formed fixed opinions as to guilt or innocence of the accused from reading such newspaper articles.' [Cit.] 'The decision to grant a change of venue lies within the discretion of the trial court, and its discretion will not be disturbed absent an abuse of that discretion.' " *Chancey v. State*, 256 Ga. 415, 429-430 (349 SE2d 717). The only method an appellate court can utilize to determine if the trial court abused its discretion in denying a motion for a change of venue, is to review the transcript. Here, there is no transcript and counsel has not availed himself of permissible alternative methods of supplementing the record. *O'Neal v. State*, 168 Ga. App. 869 (310 SE2d 751). Of course, the transcribing of the voir dire in a non-capital felony case is not mandatory. *Zachary v. State*, 245 Ga. 2, 3 (262 SE2d 779). Where the transcript does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed for a party must support his claim of error in the record. *Walker v. State*, 153 Ga. App. 831 (266 SE2d 580). Where this is not done, there is nothing for an appellate court to review. *Hughes v. State*, 257 Ga. 200, 203 (357 SE2d 80); *McKenney v. State*, 163 Ga. App. 545 (1) (295 SE2d 217). This enumeration is without merit.

3. We find no error in the admission in evidence of a photograph of the deceased, which was used by a medical witness to illustrate the extent of injury to the face of the victim. *Brown v. State*, 250 Ga. 862

(5) (302 SE2d 347). Photographs which are material and relevant to illustrate or explain an issue are not excludable, even though it may be possible that it could inflame the jury. *Richards v. State*, 251 Ga. 447 (2) (306 SE2d 302).

4. Error is asserted in the ruling of the trial court in permitting a leading question by the State of one of its witnesses, over objection of appellant's counsel. On re-direct examination, the prosecutor asked McAllister if she had tried to get between the victim and the appellant prior to the fight. She said that she had and was asked: "What did [the appellant] do? Just go right over you?" Objection was made on the basis that it was a leading question. The trial court overruled on the basis that the question had already been asked and answered.

A review of the transcript shows that appellant's counsel brought the same subject up earlier and similar questions had been asked and answered several times. " 'A judge is given latitude and discretion in permitting leading questions, and unless there has been an abuse thereof, resulting in prejudice and injury, there is no reversible error.' " *English v. State*, 234 Ga. 602 (2) (216 SE2d 851). Because a similar question had been asked and answered, we find no prejudice, no abuse of discretion, and no reversible error.

5. Appellant alleges error in the refusal of the trial court to give his requested charge on self-defense. The court charged the jury fully and correctly on self-defense. A failure to give a requested charge in the exact language stated is not grounds for reversal where the charge given substantially covers the same principle. *Kelly v. State*, 241 Ga. 190 (4) (243 SE2d 857).

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 27, 1988.

*John V. Harper*, for appellant.
*John R. Parks, District Attorney*, for appellee.