32534. THORNTON v. THE STATE.

Hill, Justice.

Prior to the trial of this case, the defendant sought to obtain the identity of an informer pursuant to a Brady

motion (Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)). The state asserted an absolute privilege which the trial court upheld without hearing evidence.

On appeal, *Thornton v. State,* 238 Ga. 160 (2) (231 SE2d 729) (1977), we noted that there are three types of informers—participants, witnesses and mere tipsters. (In examining the question, we traced developments in the decisions of the Court of Appeals and observed that a decoy is either a participant in or witness to the crime, 238 Ga. at 163-164). We held that although the identity of a mere tipster is absolutely privileged (238 Ga. at 165), if the informer is a participant or witness the trial court must weigh the materiality, to the defense, of the informer's identity against the state's privilege of protecting the identity of informers (238 Ga. at 165).

Because the trial court had not heard evidence as to whether the informer in *Thornton v. State,* supra, was a tipster, or a participant or witness, we remanded the case for further proceedings, saying (238 Ga. at 165): "We would add that if the state *proves* to the court's satisfaction that the informer is a pure tipster, who has neither participated in nor witnessed the offense, any evidence he might offer would be hearsay and inadmissible. Thus the tipster's identity could not be material to the guilt or innocence of the defendant under Brady or be relevant and helpful to the defense under Roviaro [353 U. S. 53]. The public policy of the state toward nondisclosure would not be overcome and the state may rely on its privilege. It follows, therefore, that if the trial court initially determines that the informer was merely a pure tipster, his identity would be privileged, and no further inquiry would be necessary."

On remand the state called the FBI agent who had led the investigation of this bank robbery. He testified that his investigation showed that this robbery was conducted by a male bandit acting alone and that although the informer was female, there was no evidence that she witnessed or participated in the robbery. He stated that she had identified the defendant to police based on neighborhood rumor. Thus, the evidence showed that the informer was not a participant or witness but was

a mere tipster.

Under *Thornton v. State,* supra, the identity of a mere tipster is absolutely privileged (238 Ga. at 165). The trial court did not commit error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 13, 1977 — DECIDED SEPTEMBER 7, 1977 —
REHEARING DENIED SEPTEMBER 27, 1977.

*Gerald P. Word,* for appellant.

*William F. Lee, Jr., District Attorney, Arthur K. Bolton, Attorney General, John C. Walden, Senior Assistant Attorney General,* for appellee.