## 54768. GLENN v. THE STATE.

BIRDSONG, Judge.

Appellant Glenn was convicted of the sale of heroin in violation of the Georgia Controlled Substances Act. In his sole enumeration of error, appellant contends that the trial court erred in refusing to grant appellant's motion to dismiss. *Held:*

Appellant appears to argue that due process bars prosecution whenever a defendant suffers prejudice as a result of pre-arrest delay. Prejudice is alleged here as a result of appellant's fading powers of recollection after a fifteen month pre-arrest, pre-indictment interval.

While the due process clause plays a limited role in protecting against oppressive delay, the primary guarantee against prosecution of overly stale criminal charges is provided by predictable, legislatively enacted statutes of limitation. United States v. Marion, 404 U. S. 307 (92 SC 455, 30 LE2d 468) (1971). The United States Supreme Court has held that ". . . to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." United States v. Lovasco, — U. S. — (97 SC 2044, 52 LE2d 752, 763) (1977). Where, as here, the investigating officer delayed the arrest due to a lack of sufficient identifying information, no due process violation appears. The trial court did not err in denying appellant's motion to dismiss.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED NOVEMBER 2, 1977 — DECIDED JANUARY 4, 1978 — REHEARING DENIED JANUARY 23, 1978 —

*Lawrence L. Schneider,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.