## 55255. MICELI v. THE STATE.

Deen, Presiding Judge.

The defendant was in the right hand passenger seat of an automobile which, during a police chase, was finally apprehended after various articles were thrown out of the right-hand side of the car. The articles when retrieved turned out to be a syringe and packages of marijuana. The defendant was convicted of possession.

The appeal deals only with alleged contradictions in the state's evidence, supplied mainly by the police officer driving the pursuing car and a 19-year-old friend who was in the passenger seat at his right. The contradictions concern (a) whether the exhibits were placed in a brown evidence bag at the Hall County jail or the Flowery Branch Police Department; (b) whether the witness took this bag to the crime laboratory on April 8 or April 28 and (c) why the name of the mayor was on the bag. In each case at least one version of the testimony is consistent with the verdict in that it shows a proper chain of custody. None of the testimony offered is sufficient to give rise to any justifiable suspicion that the evidence was in fact tampered with.

"The State cannot impeach its own witness. However, it is permitted to disprove facts testified to by one of its witnesses." *Nesbit v. State,* 71 Ga. App. 744 (3) (32 SE2d 207) (1944). See also *Sizer & Co. v. Melton & Sons,* 129 Ga. 143, 149 (58 SE 1055) (1907). The fact that the testimony of the state's witness did not agree in all details went to its credit but was insufficient to void the conviction.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Submitted February 1, 1978 — Decided February 16, 1978.

*Russell T. Quarterman,* for appellant.
*Douglas E. Smith, Solicitor,* for appellee.