## 33645. BUTLER v. THE STATE.

HILL, Justice.

Defendant Charles Aaron Butler was convicted by a jury of burglary, robbery and two counts of kidnapping with bodily injury. His conviction was affirmed, in an opinion reported at 239 Ga. 591 (238 SE2d 387) (1977), with direction that the trial court conduct a hearing to determine whether a tape made during a pre-trial interrogation of Clayton Hayes, Butler's alleged accomplice, was in existence and, if so, whether allowing it to be withheld from the defendant was error. *Butler v. State,* 239 Ga. 591, supra. See *Banks v. State,* 235 Ga. 121 (218 SE2d 851) (1975).

Pursuant to that direction, the trial court has conducted a hearing at which the sole witness was the police officer who had taped the statement. The officer testified that he had personally purchased a tape recorder and cassettes in order to facilitate taking and transcribing statements. He further testified that although at the time of the trial he believed that the tapes were his personal property, he now understood that information on the tapes procured in the course of his duties as a police officer was not his personal property. Throughout an extensive direct and cross examination, the officer explained that he customarily used tapes as an aid in preparing his reports, and thereafter reused the

tapes. He testified that he owned a limited number of tapes, that he customarily reused the tapes, and that once a tape was reused, prior recordings were completely erased. He could not determine exactly what had happened to the tape in question because he had attached no importance to it, and he was certain that it contained nothing that would have proved exculpatory of the defendant. In September of 1975, and again in September of 1977, he had diligently searched for the Hayes tape but failed to find it.

On the basis of this testimony, the trial court found that either the cassette was lost or the tape was erased when other material was recorded over it; that the officer had made a diligent, conscientious and honest effort to locate the tape in September of 1975 and again in September of 1977; that the tape was not in existence in September, 1975; that there was no misconduct in relation to the loss of the tape; and that if the tape were in existence, nothing on it would be exculpatory or helpful to the defendant. Although when Hayes testified at defendant's trial, Hayes claimed his confession was coerced, the findings and conclusions of the trial court based upon the officer's testimony at the hearing are supported by the evidence. See *Thornton v. State,* 239 Ga. 693 (238 SE2d 376) (1977).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 26, 1978 — DECIDED JULY 6, 1978.

*Larry D. Ruskaup, D. L. Lomenick, Jr.,* for appellant.
*William M. Campbell, District Attorney, Arthur K. Bolton, Attorney General, James L. Mackay, Assistant Attorney General,* for appellee.