## 55958. MADDEN v. THE STATE.

SMITH, Judge.

Was the appellant's right to due process violated by a preindictment delay which was both unreasonable and prejudicial? We find a due process violation under the facts of this case; therefore, we reverse the judgment denying the appellant's motion to dismiss the indictment.

*I. Facts*

On November 29, 1977, the Fulton County Grand Jury indicted the appellant, charging him with having sold heroin to an undercover agent on October 12, 1976, and October 15, 1976. Until the appellant was arrested on November 29, 1977, he had no notion that he was being investigated or suspected in connection with events transpiring on the two dates named in the indictment. Prior to arraignment, the appellant filed a motion to dismiss the indictment, contending that the delay of over 13 months between the alleged acts and the indictment operated to deny his due process right to a fair trial. At a

hearing on the motion, the appellant attempted to prove that the delay was unreasonable and unnecessary and that it prejudiced him to the extent that he was unable to offer any defense.

On the reasonableness question, the evidence showed that two undercover agents, Lawson and Ingram, participated in the drug buy. Neither agent testified that this buy was connected with any sort of ongoing undercover investigation such that an immediate arrest would spoil the larger operation. Their delay, they said, was due to a lack of sufficient information to form a positive identification. However, both agents admitted that they knew from the beginning the appellant's last name, where he lived, and where he worked. Eventually, it was from the appellant's employer that the agents obtained a picture of the appellant, thus positively correlating his appearance with his full name. Moreover, Agent Ingram generally knew the appellant from having grown up in the same neighborhood with him. Uncontradicted evidence showed that the appellant's employer cooperated with police officers in identification matters in general, and in particular, the employer was cooperative in this case. Ostensibly, the pictorial identification could have been obtained at any time subsequent to the buy. The trial court, discounting the excuses offered for the delay in obtaining positive identification and seeking indictment, concluded, "I find as a matter of fact for the purpose of the record and for the purpose of any appeal in this case, that the passage of time between the sales to the identification was unreasonable in view of the plain access which the investigating officer had to the [identifying] information. . ."

On the prejudice issue, the appellant contended the delay prevented him from mounting any defense to the charges. A jury was waived, and at the bench trial the appellant testified that he had no recollection of the events on October 12, 1976, and October 16, 1976. He did not recall where he was, whom he met, what he did, or anything else about those dates. Agent Lawson, who actually made the buys, was not able to recall the events either; he testified from his notes recorded shortly after the transactions. The trial court found as fact that the

appellant's defense was "somewhat prejudiced by the lapse of time under all the circumstances."

Despite its factual conclusion, the trial court's legal conclusion, based primarily upon *Glenn v. State,* 144 Ga. App. 557 (241 SE2d 447) (1978), was that the indictment should not be dismissed.

## II. The Applicable Standard

This case points up the need for a precise standard to guide trial courts when a defendant bases a due process claim on preindictment or prearrest delay. The United States Supreme Court has addressed this problem in two cases, United States v. Marion, 404 U. S. 307 (92 SC 455, 30 LE2d 468) (1971); and United States v. Lovasco, 431 U. S. 783 (97 SC 2044, 52 LE2d 752) (1977).

In Marion, the court addressed an argument that the speedy trial provision of the Sixth Amendment prohibited oppressive preprosecution delay. Despite substantial argument to the contrary (see, e.g., Note, 20 Stan. L. Rev. 475, 485-493) the court held that the burdens of delay prior to initiating prosecution were not comparable to those after initiation (restraint on liberty, subjection to public scorn, defense costs, etc.), and therefore the protections of the Sixth Amendment would not be extended to the preprosecution period.

The Marion court went on to note that statutes of limitation provide "the primary guarantee against bringing overly stale criminal charges." United States v. Marion, 404 U. S. 307, 322, supra, quoting United States v. Ewell, 383 U. S. 116, 122 (86 SC 773, 15 LE2d 627) (1966). But the court left open the possibility that some delays within the statute of limitation could nevertheless result in due process violations where actual prejudice resulted from unnecessary or purposeful delay. The court went on, "To accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances in each case." United States v. Marion, 404 U. S. 307, 325, supra.

In Lovasco, the court reviewed the various reasons why the government might legitimately delay prosecution to obtain adequate proof of guilt, to complete investigation of related crimes, to identify participants,

and even to decide whether an otherwise adequate case *should* be prosecuted. The court held that such legitimate investigative delay in a defendant's case "does not deprive him of due process, even if his defense might have been somewhat prejudiced by the lapse of time." United States v. Lovasco, 431 U. S. 783, 796, supra. This holding is based on due process analysis which requires a determination of "whether the action complained of . . . violates those 'fundamental conceptions of justice which lie at the base of our civil and political institutions,' Mooney v. Holohan, 294 U. S. 103, 112 . . . (1935), and which define 'the community's sense of fair play and decency.' Rochin v. California, [342 U. S. 165, 170 (72 SC 205, 96 LE 183) (1952).]" Id., p. 790. There was no due process violation in Lovasco because the purposes for the delay were important to society's interest in ferreting out crime; thus the purposes *outweighed* the oppression caused by the delay.

### III. The Present Case

What was the purpose of the delay here? And how does that purpose serve society's interest? The answers, respectively, are: There wasn't any; it doesn't. The trial court found the delay was unreasonable. The record sustains his factual conclusion. The agents had the information and resources at hand to close this case immediately, but it took over one year to do so. They offered no extrinsic reason for the delay, such as to protect their cover or to continue a related investigation. We are not blind to the facts that the Atlanta Police Department is understaffed, and its officers overworked; nevertheless, no recognizable interest of society is promoted when prosecution of a case such as this is delayed, without reason, for over one year.

The other side of the analysis is prejudice. What prejudice was caused by the delay? The answer is obvious; the appellant could not proffer a defense at all. Perhaps under other circumstances he would have been able to establish, say, an alibi. That opportunity is surely lost after the passage of 13 months, save only the most unusual circumstances. Justice Douglas, concurring in Marion, quoted the following statement from Regina v. Robins, 1 Cox's C. C. 114 (Somerset Winter Assizes 1844),

where there had been a two-year delay in bringing a bestiality charge:

" 'It is monstrous to put a man on his trial after such a lapse of time. How can he account for his conduct so far back? If you accuse a man of a crime the next day, he may be enabled to bring forward his servants and family to say where he was and what he was about at the time; but if the charge not be preferred for a year or more, how can he clear himself? No man's life would be safe if such a prosecution were permitted. It would be very unjust to put him on his trial." United States v. Marion, 404 U. S. 307, 328-329, supra.

The oppressiveness of the delay here is not counterbalanced by any laudatory purpose behind the delay. In *Glenn v. State,* 144 Ga. App. 557, supra, the delay was caused by investigation necessary to obtain sufficient identifying information. But, as the trial court held, delay for that reason was unreasonable here, because there already existed sufficient identifying information. *Glenn v. State,* supra, is therefore distinguishable, and we hold that the unreasonable delay in this case, coupled with the actual prejudice which ensued, amounted to a denial of due process. The indictment should have been dismissed.

*Judgment reversed. Bell, C. J., Quillian, P. J., Webb, Shulman, Banke and Birdsong, JJ., concur. Deen, P. J., and McMurray, J., dissent.*

SUBMITTED JUNE 5, 1978 — DECIDED JULY 14, 1978 — REHEARING DENIED JULY 31, 1978 — 

*William J. Doll,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, R. David Petersen, Assistant District Attorneys,* for appellee.

DEEN, Presiding Judge, dissenting on rehearing.

This case, involving a 13-month delay, is controlled by *Glenn v. State,* 144 Ga. App. 557 (241 SE2d 447) (1978), in which a 15-month delay was held not to be error.

Justice Douglas, quoted in the majority opinion projects the better rule or view in his timely observation

on an old case that it would be unjust and monstrous to put one on trial for bestiality after a two-year delay, as it would have been better to accuse him the next day. Yet we cannot say the trial judge abused his discretion under the facts of this case as to delays relating to identification and crime lab results. We do not know whether these latter two difficulties existed in the bestiality arrest and trial as it related to the alleged date of act charged. Society has a compelling interest in ferreting out crime, and the trial court should have a discretion within the facts of each case as to drawing the lines of demarcation. United States v. Lovasco, 431 U. S. 783 (97 SC 2044, 52 LE2d 752) (1977).

I am authorized to state that Judge McMurray joins in the result of this dissent only.