## 34110. THE STATE v. MADDEN.

PER CURIAM.

We granted certiorari in this case to consider the question whether the defendant, Charles Madden, Jr., was denied due process of law by a thirteen-month delay in indictment on two counts of selling heroin to undercover agents. Although the trial court found the delay unreasonable, it did not find sufficient evidence of actual prejudice to require dismissal. The Court of Appeals disagreed and reversed on the ground that he was prejudiced by his inability to remember anything about the dates in question in order to prepare a defense. *Madden v. State,* 147 Ga. App. 39 (248 SE2d 47) (1978). We reverse.

In United States v. Marion, 404 U. S. 307 (1971), the Supreme Court of the United States, while recognizing that there is no constitutional right to a speedy indictment or arrest, held that certain circumstances might rise to a denial of due process: "The Due Process Clause . . . would require dismissal of the indictment if it were shown at trial that the pre-indictment delay in this case caused *substantial prejudice* to [defendant's rights with respect to the events occurring prior to indictment] . . . To accommodate the sound administration of justice to the rights of the defendant to a fair trial will necessarily involve a delicate judgment based on the circumstances of each case." (Emphasis supplied.) United States v. Marion, supra, pp. 324-325. Accord, United States v. Lovasco, 431 U. S. 783 (1977). Applying this test, the Court of Appeals found that the defendant was prejudiced by his inability to recall where he was or what he was doing on the two dates on which he was accused of selling heroin. "Perhaps under other circumstances he would have been able to establish, say, an alibi." *Madden v. State,* supra, p. 42.

We rely on United States v. Marion, supra, in reversing the Court of Appeals. There, a thirty-eight

month delay alone was not considered a denial of due process. *"No actual prejudice* to the conduct of the defense is alleged or proved, and there is no showing that the Government intentionally delayed to gain some tactical advantage over appellees or to harass them. Appellees rely solely on the real possibility of prejudice inherent in any extended delay: *that memories will dim,* witnesses become inaccessible, and evidence be lost. In light of the applicable statute of limitations,[1] however, these possibilities are not in themselves enough to demonstrate that appellees cannot receive a fair trial and therefore to justify the dismissal of the indictment." United States v. Marion, supra, pp. 325-326. (Footnote added.)

Madden has likewise shown no "actual prejudice." He has merely speculated that if he could have remembered the date, he might have been able to provide an alibi defense. This is insufficient as a matter of law under United States v. Marion, supra. The Court of Appeals erred in reversing the judgment of the trial court.

*Judgment reversed. All the Justices concur, except Undercofler, P. J., who dissents.*

ARGUED NOVEMBER 13, 1978 — DECIDED NOVEMBER 30, 1978.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellant.
*William J. Doll,* for appellee.

UNDERCOFLER, Presiding Justice, dissenting.
This case involves only an evidentiary question, has no gravity, and the certiorari should be dismissed.

---

[1]The applicable statute of limitation is four years. Code Ann. § 26-502.