## 55958. MADDEN v. THE STATE.

SMITH, Judge.

Justice delayed is justice denied and because of a purposeless, inexcusable, neglectful, thirteen-month delay in indictment, we reversed the conviction of Charles Madden. *Madden v. State,* 147 Ga. App. 39 (248 SE2d 37) (1978). The Supreme Court, on certiorari, reversed us because, they said, Madden had shown no "actual prejudice" caused by the delay. They relied upon United States v. Marion, 404 U. S. 307 (92 SC 455, 30 LE2d 468) (1971), to reach this result.

The excerpt from Marion quoted by the Supreme Court shows, on its face, the distinctions between Marion and this case. In Marion, "no actual prejudice to the conduct of the defense is *alleged or proved.*" (Emphasis supplied.) Here, prejudice *was* alleged; the defendant

offered *proof* of that prejudice via his own testimony that he was unable to offer any defense, and that proof *was accepted* by the trial court when it expressly ruled that Madden's defense had been "somewhat prejudiced" by the delay. Further, the Supreme Court keyed on Marion's holding that the *possibility* that memories would dim is not enough, in itself, to demonstrate a due-process-violative deprivation of a fair trial. But here there was far more than a mere *possibility;* there was *proof.*

According to the Supreme Court, Madden failed to show actual prejudice because he "merely speculated that if he could have remembered the date, he might have been able to provide an alibi defense." *State v. Madden,* 242 Ga. 637, 638, supra. Thus is heralded into the law of this state a "Catch-22" of the highest magnitude: It is not enough to state that the passage of time has deprived you of any possibility of mounting a defense and to follow up your statement by facing trial without any defense whatsoever. No, apparently you must also be able to state exactly what your defense would have been, were you to be able to remember it. Of course, if you can do that, then you could probably go ahead and present your defense, and there would be no need to avail yourself of the protective device forged by the United States Supreme Court's decisions in Marion, supra, and United States v. Lovasco, 431 U. S. 783 (97 SC 2044, 52 LE2d 752) (1977). In summary, if you can't present a defense, you must specify what it would have been; but if you can specify what it would have been, then you should have presented it, for the passage of time has not deprived you of it. Somehow, Marion and Lovasco get lost in the shuffle.

The agents in this case stated that the buy was not in connection with any ongoing investigation. The thirteen-month delay was due to a lack of sufficient information to form a positive identification. However, both agents admitted that they knew from the beginning appellant's last name, where he lived and where he worked. It was from appellant's employer that they got his picture. One agent generally knew the appellant, as they grew up in the same neighborhood. Appellant's employer cooperated with police officers in every way. There was absolutely no excuse in delaying an arrest in this case for

thirteen months. This court is aware of the four-year statute of limitation on prosecuting such cases. However, as applied in this case, it is best called the "procrastination statute." In our opinion fair play, fair trial and common sense have been stomped upon in this case.

Justice Jackson, commenting on the United States Supreme Court, once observed, "There is no reason to doubt that this Court may fall into error as many other branches of the Government. . . . The Court differs, however, from other branches of the Government in its ability to extricate itself from the error. It can reconsider . . ." Helvering v. Griffiths, 318 U. S. 371, 400-401 (63 SC 636, 87 LE 843) (1942). Hopefully, when Georgia's Supreme Court has a chance to reconsider this decision, it will engage in a little extrication.

Meanwhile, our original decision in this case is vacated and the trial court is affirmed.

*Judgment affirmed. Deen, P. J., and Banke, J., concur in the judgment only.*

DECIDED MARCH 16, 1979.

*William J. Doll,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, R. David Petersen, Assistant District Attorneys,* for appellee.