## 62897. SMITH v. THE STATE.

POPE, Judge.

The defendant was indicted and convicted of two counts of selling marijuana to undercover agents who were investigating a "drug problem" at the construction site of the Vogtle Nuclear Power Plant.

1. On appeal the defendant claims the trial court erred in denying his motion to quash the indictment for its failure to include the state and county of his residence. "Although the form of the indictment prescribed in [Code Ann. § 27-701] contains an averment of residence of the defendant, the omission of such averment in an indictment will not be ground for quashing the indictment. . . ." *Tarver v. State,* 123 Ga. 494 (1) (51 SE 501) (1905).

2. The defendant claims the state failed to establish the chain of custody of the marijuana evidence contained in State's Exhibits Nos. 1 and 2. Concerning State's Exhibit No. 1, GBI Agent Purvis testified at trial that he turned the evidence over to Mr. Theisen, an employee at the State Crime Laboratory, on August 28, 1980 and that a laboratory number was affixed to it. Mr. Sheppo, the director of the laboratory testified that the "parcel of evidence was brought to me at the crime laboratory in August by Agent Preston Purvis" on August 28, 1980.

The difference, if any, in the testimony of these two witnesses concerning the chain of custody presents an issue for jury resolution. The fact that the testimony of the state's witnesses does not agree in all details goes to its weight but does not affect the admissibility of the evidence. See *Marshall v. State,* 153 Ga. App. 198 (3) (264 SE2d 718)

(1980); *Miceli v. State,* 144 Ga. App. 842 (242 SE2d 751) (1978).

3. It is not error for the trial court in the absence of a written request to fail to charge that a jury verdict must be unanimous. *Gainer v. State,* 142 Ga. App. 871 (2) (237 SE2d 235) (1967).

4. The court properly charged the jury on reasonable doubt and did not err in failing to charge with reference to the mistaken identification of the defendant. *Young v. State,* 226 Ga. 553 (7) (176 SE2d 52) (1970); *Colbert v. State,* 149 Ga. App. 266 (5) (253 SE2d 882) (1979).

5. Examination of the record does not establish that defense counsel was ineffective. *Scott v. State,* 157 Ga. App. 608 (278 SE2d 49) (1981); *Rosser v. State,* 156 Ga. App. 463 (4) (274 SE2d 812) (1980).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 11, 1982.

*Vernon J. Neely,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.