## 66551. GILMORE v. THE STATE.
## 66554. McMICKENS v. THE STATE.

BIRDSONG, Judge.

Richard L. Gilmore and Marjorie McMickens were jointly tried at a common trial. Gilmore was convicted of a violation of the Controlled Substances Act in that he sold a quantity of THC (phencyclidine) to an undercover agent. At the same time and same place, McMickens sold a quantity of marijuana to the same undercover agent and that sale resulted in her conviction of the Controlled Substances Act. Both appellants were sentenced to six years on probation, with Gilmore receiving, in addition, a $2,500 fine and McMickens a $900 fine. Though each appellant filed a separate appeal, the sole issue is identical in each case and rests upon the same facts and law. Accordingly, the two appeals have been consolidated in this one opinion. *Held:*

The evidence shows that an informer took an undercover agent to the home occupied by McMickens and Gilmore. The informer introduced the agent to both McMickens and Gilmore and then went to another part of the house while the drug transactions took place. The agent positively identified McMickens as the person from whom he purchased marijuana and Gilmore as the person from whom he purchased THC. After both sales were completed, the informer returned to the room and the informer and the agent departed. No further transactions occurred involving the agent, the informer, or either of the appellants until several months later when the same agent went to the McMickens' house and arrested both McMickens and Gilmore for the earlier sales. Both appellants now assert error by the trial court in refusing to force the state to disclose the identity of the informer or to examine information concerning the informer in camera to ascertain if the informer might have observed the asserted sales and thus could furnish potentially exculpatory evidence. There is no contention other than a speculative possibility that the informer in fact witnessed the sales or overheard any conversation. Both

appellants deny ever having seen the undercover agent until the day of the arrest and deny that they were ever involved in the sale of drugs.

Where a person merely takes an undercover agent to a location and identifies or introduces the agent to a seller of drugs, with all arrangements for the sale being wholly made by the agent, even if the sale is witnessed by the introducer, such introducer is nothing more than an informer and acts as a tipster only and not as a decoy so as to require a disclosure of name, address or similar information. See *Carter v. State,* 165 Ga. App. 427 (301 SE2d 658). See also *Mooney v. State,* 243 Ga. 373, 396 (254 SE2d 337); *Thornton v. State,* 238 Ga. 160, 165 (231 SE2d 729). Where the disclosure of the informant's identity would at best serve only to furnish possible impeachment of the agent's testimony, disclosure is not appropriate considering the overriding rule of nondisclosure (*Keith v. State,* 238 Ga. 157, 158 (231 SE2d 727)) and is more than likely to constitute hearsay. *Paras v. State,* 247 Ga. 75, 77 (274 SE2d 451); *Black v. State,* 154 Ga. App. 441, 442 (268 SE2d 724). Under the facts before the trial court, there were no discovery rights in the tipster mandated by Brady v. Maryland, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) and thus the disclosure rested within the sound discretion of the trial court. *Taylor v. State,* 136 Ga. App. 31 (220 SE2d 49). We discern no abuse of that discretion in these cases.

*Judgments affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 21, 1983.

*Michael H. Lane,* for appellants.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Harvey W. Moskowitz, Assistant District Attorneys,* for appellee.