## 69865. CARVER v. THE STATE.
(333 SE2d 697)

BANKE, Chief Judge.

The appellant was indicted for two counts of sale of marijuana, one allegedly occurring on January 21, 1983, the other on January 28, 1983. Based on the appellant's contention that a lengthy pre-indictment delay hampered his ability to develop an alibi defense and left him with no defense other than that of mistaken identity, the trial court ordered the state to disclose the identity of a confidential informant who had allegedly witnessed the January 21st incident. Rather than disclose the identity of the witness, the state dismissed this count of the indictment and proceeded to trial on the January

28th occurrence. At trial, however, the state offered testimony about the first incident as evidence of a similar crime. The appellant objected that such evidence impermissibly placed his character in issue and that it was error to admit the testimony without requiring disclosure of the informant's identity. *Held*:

1. "[B]efore evidence of independent crimes is admissible, two conditions must be satisfied. First, there must be evidence that the defendant was in fact the perpetrator of the independent crime. Second, there must be sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. *French v. State*, 237 Ga. 620, 621 (229 SE2d 410) (1976). Once the identity of the accused as the perpetrator of the offense separate and distinct from the one for which he is on trial has been proven, testimony concerning the independent crime may be admitted for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977). "Drug cases are no different from any other cases. If the defendant is proven to be the perpetrator of another drug crime and the facts of that crime are sufficiently similar or connected to the facts of the crime charged, the separate crime will be admissible to prove identity, motive, plan, scheme, bent of mind, or course of conduct." *State v. Johnson*, 246 Ga. 654, 655 (272 SE2d 321) (1980).

The defendant would have been on trial for the January 21st transaction had not the state dismissed that count of the indictment in response to the court's ruling that the identity of the confidential informant must otherwise be revealed. That ruling, though clearly within the court's discretion, was unnecessary in view of the uncontradicted evidence that the informant was a mere tipster. "Where a person merely takes an undercover agent to a location and identifies or introduces the agent to a seller of drugs, with all arrangements for the sale being wholly made by the agent, even if the sale is witnessed by the introducer, such introducer is nothing more than an informer and acts as a tipster only and not as a decoy so as to require a disclosure of name, address, or similar information. [Cits.] Where the disclosure of the informant's identity would at best serve only to furnish possible impeachment of the agent's testimony, disclosure is not appropriate considering the overriding rule of nondisclosure . . ." *Gilmore v. State*, 168 Ga. App. 76, 77 (308 SE2d 232) (1983). The evidence of the other offense was properly admitted as probative of identity and criminal intent, without requiring the revelation of the informant's identity.

2. In establishing the chain of custody of the marijuana, a crime lab employee testified that he had received the evidence from the arresting officer through the U. S. mail, while the arresting officer testi-

fied that he had delivered the marijuana to a different employee at the crime lab. "The difference, if any, in the testimony of these two witnesses concerning the chain of custody presents an issue for jury resolution. The fact that the testimony of the state's witnesses does not agree in all details goes to its weight but does not affect the admissibility of the evidence." *Smith v. State*, 161 Ga. App. 240 (2) (288 SE2d 304) (1982).

3. Finally, based on the delay of nearly 18 months between the date of the offense and date of indictment, the appellant contends that it was error to deny his motion to dismiss for failure to provide him a speedy trial. The issue is controlled adversely to the appellant by the Supreme Court's decision in *State v. Madden*, 242 Ga. 637 (250 SE2d 484) (1978), in that the appellant has "shown no 'actual prejudice' [but] has merely speculated that if he could have remembered the date, he might have been able to provide an alibi defense." Id. at 638.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Birdsong, P. J., Carley and Pope, JJ., concur. Sognier, Benham, and Beasley, JJ., dissent.*

BENHAM, Judge, dissenting.

In order to explain my disagreement with the majority, it is necessary that I set out the facts of this case. In July 1984, appellant was indicted for two counts of sale of marijuana, one sale allegedly occurring on January 21, 1983, the other on January 28, 1983. Arguing that the lengthy preindictment delay hampered his ability to develop an alibi defense and left him with no defense other than mistaken identity, appellant successfully sought an order requiring the state to disclose the identity of the informant who was present at the January 21 incident. The State's response was to dismiss Count 1 of the indictment and proceed to trial on Count 2 only. However, during the trial, the State offered testimony concerning the first incident. Over appellant's objection that the evidence would place his character in issue and that if such testimony were permitted, he should have the benefit of the informant's identity, the trial court permitted the State to present testimony concerning the first sale for the purpose of showing identity, motive, intent, scheme, and plan.

Appellant's first enumeration of error is that the trial court erred in refusing to order disclosure of the informant's identity. His second enumeration is that the trial court erred in permitting evidence of the first incident. Were either of these contentions presented separately, I would have no difficulty in holding that the trial court's actions were permissible under *Thornton v. State*, 238 Ga. 160 (231 SE2d 729) (1977), and *State v. Johnson*, 246 Ga. 654 (1) (272 SE2d 321) (1980), respectively. However, the conjunction of the two rulings changes the

complexion of each. In colloquy with counsel, the trial judge expressed the opinion that since the State's pre-arrest delay left appellant in a posture where mistaken identity was his only defense, fairness required that the informant's testimony be made available as to the first offense in order to break the deadlock of the swearing contest between the State's agent, who swore that appellant sold him marijuana, and appellant, who swore he was not involved. I find the trial court's assessment of that situation correct, but I am of the opinion that the court's reasoning should have been extended, under the circumstances, to apply to the second count: even though the informant was not present at the second incident, evidence of the first was used to prove, among other things, appellant's identity as the seller in the second transaction.

The State's argument that disclosure was not required because appellant was no longer in jeopardy as to the first sale begs the question. Appellant's jeopardy as to the second sale was greatly enhanced by evidence that he committed the same crime in the same way one week earlier. If it was unfair to make appellant face that first charge without the informant's testimony, it was just as unfair to bolster the evidence of the second offense with evidence of the first without giving appellant the benefit of the informant's testimony.

The majority's assertion that the trial court would have been correct in denying disclosure of the informant's identity because he was a mere tipster is not supported by the record. The informant here was not a person who merely provided information regarding criminal activity: the informer was alleged to have introduced the undercover agent to appellant and to have been present at the first alleged sale of marijuana. Since the informant was at least a witness and very likely a participant, there was no absolute privilege against disclosure and the trial court's original ruling was correct. See *Thornton,* supra.

I would hold, therefore, that the trial court's action in admitting the testimony concerning the first offense without requiring the State to reveal the identity of the informant was fundamentally unfair and violative of appellant's right to a full and fair opportunity to defend himself. See *Roviaro v. United States,* 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1956); *Thornton v. State,* supra. The error requires reversal of the conviction and entitles appellant to a new trial. For that reason, I must dissent from the majority's judgment of affirmance.

I am authorized to state that Judge Sognier and Judge Beasley join in this dissent.

BEASLEY, Judge, dissenting.

I agree with Judge Benham that the judgment should be reversed for the reasons stated. The evidence of the first transaction was used to show not only motive, intent, scheme, or plan, but also identity.

That is, it was used to show that since defendant was the person involved in the first and very similar transaction, he was beyond a reasonable doubt the person involved in this transaction for which he was on trial.

The whole issue in the case was whether defendant was the perpetrator on the later occasion. To prove it, the state offered the testimony of the officer that defendant was indeed the person on the occasion under scrutiny. To enhance the weight of that testimony which fingered defendant, the state offered proof that defendant was the person who committed a similar offense involving the same officer a week earlier. Three persons witnessed the first transaction: A, B, & C. Two persons witnessed the second transaction: A & B. At trial on the second transaction solely, A said defendant was B and defendant said he was not B, creating a stand-off. A then said defendant was B because he was B also on a recent nearly identical occasion. Defendant persisted in denial and said, C would say that I was not B; I do not know who C is but A does, and I am entitled to know who C is because C would verify my testimony as to the earlier occasion.

The state was permitted to use the evidence of the similar transaction, which was shielded from impeachment on the nondisclosure ruling as to count two, but was not allowed to use it due to a disclosure ruling as to count one.

The majority recites the law regarding the use of independent crimes and states that the first prerequisite is to prove that the independent crime was committed by defendant. Thus the defendant's identity with respect to the independent crime became just as much an issue in the trial on the second transaction as if the independent crime was also being tried. The trial court had already ruled, on a sound basis, that disclosure of the informant was compelled if the first transaction was to be tried. Its reasoning was that since there was such a long delay from occurrence to trial, and such a long delay between the transactions and defendant's knowing anything about being charged with it (he was first apprised upon arrest some seventeen months later), and since his sole defense was that he was not present but could not establish an alibi because he could not seventeen months later remember where he was at the particular time, disclosure was necessary because the third party's testimony as to identity was the only evidence which could corroborate defendant's otherwise bare denial. Obviously, then, since the state raised the issue of defendant's identity at the first transaction in the trial on the second, the very same reasons compelled disclosure here. The evidence was just as relevant and crucial in the trial on count two as it would have been if the trial had embraced count one, although the consequences were different, i.e., two convictions instead of one.

The fact that the state was not required to disclose because the

informant was a mere tipster is totally irrelevant. His testimony was not needed to test the accuracy of the officer's version of how the transaction occurred (i.e., whether defendant was entrapped, for instance), but rather it was needed simply to establish identity of defendant as "B" or not. Whether full participant or mere tipster or innocent bystander, it was his role as visual observer of the person involved in the first transaction that was critical to defendant's identification as the person involved in the second. When the state brought in this earlier transaction, the defendant had a right to challenge its relevancy by proof that it did not involve him. If it did not involve defendant, that proof was exclusively in the hands of the state. It had become the exclusive mode of proof because of the passage of time brought about by the state. Thus I agree that the court erred.

DECIDED JULY 15, 1985 —
REHEARING DENIED JULY 31, 1985 —

*Larkin M. Fowler, Jr., Lester M. Castellow,* for appellant.
*H. Lamar Cole, District Attorney, James Thagard, Assistant District Attorney,* for appellee.