### 71680. KENNEDY v. THE STATE.
(341 SE2d 17)

BIRDSONG, Presiding Judge.

Jeffrey Kennedy appeals his conviction for the sale of cocaine. *Held*:

Kennedy urges four enumerations of error based on the trial court's refusal to require the state to disclose the identity of the state's confidential informer.

The evidence shows that Detective Brown, on loan from Florida and posing undercover, was introduced to the defendant at 11:40 a.m., August 11, 1984. The informant left as soon as he had performed the introduction. Brown went to Kennedy's car with him, where they sat as Brown purchased from Kennedy a "quarter blow," or $25 worth of cocaine wrapped in a square of tin foil. Detective Brown saw more squares of tin foil in the container from which the square was removed.

Kennedy filed a *Brady* motion. The trial court refused to require the state to disclose the identity of the confidential informant and Kennedy appeals on that ground, and others. *Held*:

1. The trial court did not err in refusing to require disclosure of the informant's identity. This informant was a pure tipster. " 'Where a person merely takes an undercover agent to a location and identifies or introduces the agent to a seller of drugs, with all arrangements for the sale being wholly made by the agent, even if the sale is witnessed by the introducer, such introducer is nothing more than an informer and acts as a tipster only and not as a decoy so as to require a disclosure of name, address or similar information.' *Gilmore v. State*, 168 Ga. App. 76, 77 (308 SE2d 232)." *Pennyman v. State*, 175 Ga. App. 405, 408 (333 SE2d 659). The informant did not take an active part in the drug purchase, but only accompanied the undercover officer to appellant's location and introduced them to each other. In these circumstances, the trial court was not required as a matter of law to order the disclosure of the informant's identity. *Hart v. State*, 174 Ga. App. 134 (329 SE2d 178).

The trial court was authorized by the evidence to refuse disclosure of the informant and a post-trial hearing on the matter would be superfluous. See *Merritt v. State*, 165 Ga. App. 597 (302 SE2d 136).

Moreover, the record indicates that only one person introduced appellant to Brown and that appellant knew who the informant was, or who he believed was the informant. This person could have been subpoenaed by appellant if his testimony was significant to the defense. *Hatcher v. State*, 154 Ga. App. 770, 772 (270 SE2d 16). See generally *Gilmore v. State*, 168 Ga. App. 76 (308 SE2d 232).

2. The trial court did not err in refusing to permit the jury to view the appellant's automobile which was parked in front of the courthouse. The narcotics officer testified appellant's car, in which he sat at 11:40 p.m., was silver or silvery in color. Appellant testified his car was two-toned blue. The decision to allow the jury to view a scene is discretionary with the trial court, and will not be overturned unless there is a clear abuse of discretion. *Lingerfelt v. State*, 238 Ga. 355, 359 (233 SE2d 356); *Sutton v. State*, 237 Ga. 418 (3) (228 SE2d 815); *Lackey v. State*, 217 Ga. 345 (2) (122 SE2d 115). The matter of the car's color here was open to debate, as was whether its paint had been changed. The officer identified appellant's car by its vehicle license number as well as by color. The trial court did not abuse its discretion in refusing to let the jury view the car.

3. Appellant contends the trial court erred in permitting the district attorney to ask appellant whether, if he in fact sold cocaine, he would tell the jury so and would tell the judge and sheriff so, these questions being badgering and holding appellant up to ridicule. We agree that the probative value of this questioning is minimal and therefore it would have been better to keep it out, but we cannot find that it is highly probable it contributed to the guilty verdict. *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 6, 1986.

Leon A. Wilson II, for appellant.
Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney, for appellee.