### 76636. BRINSON v. THE STATE.
(372 SE2d 487)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of selling cocaine. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant sold cocaine to an undercover officer. According to the testimony of this officer, he had been introduced to appellant by two informants. Appellant enumerates as error the trial court's failure to conduct a hearing to determine the status of the two informants. See *Thornton v. State*, 238 Ga. 160, 162 (2) (231 SE2d 729) (1977) and 239 Ga. 693 (238 SE2d 376) (1977).

The record shows, however, that when the question of the identity of the informants was raised for the first time during the trial, the

trial court did conduct an extensive hearing outside the presence of the jury. During the course of this hearing, the trial court addressed the issues of the status of the informants as mere tipsters, of the extent of the undercover agent's knowledge of their identities and addresses, and of whether appellant should have been given the opportunity to see documents concerning the existence of these informants in response to his pre-trial *Brady* motion. During the hearing, both the trial court and appellant questioned the undercover officer concerning the role played by the informants in connection with the purchase of the cocaine from appellant. The transcript of this hearing shows that the procedural and substantive requirements of *Thornton v. State*, supra, were satisfied. "Where a person merely takes an undercover agent to a location and identifies or introduces the agent to a seller of drugs, with all arrangements for the sale being wholly made by the agent, even if the sale is witnessed by the introducer, such introducer is nothing more than an informer and acts as a tipster only. . . . [Cits.]. . . . Under the facts before the trial court, there were no discovery rights in the tipster mandated by *Brady v. Maryland*, [cit.] and thus the disclosure rested within the sound discretion of the trial court. [Cit.] We discern no abuse of that discretion in [this] case." *Gilmore v. State*, 168 Ga. App. 76, 77 (308 SE2d 232) (1983). See also *Carver v. State*, 175 Ga. App. 599, 600 (1) (333 SE2d 697) (1985).

2. It necessarily follows from our holding in Division 1 that the State's alleged failure to disclose the identities of the two informants was not a valid basis for a motion to strike the undercover officer's testimony. Accordingly, appellant's enumeration of the denial of such a motion as erroneous is without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Keith M. Morris*, for appellant.

*Glenn Thomas, Jr., District Attorney, Stephen D. Kelley, Assistant District Attorney*, for appellee.