## 77092. WINGATE v. THE STATE.
### (374 SE2d 224)

SOGNIER, Judge.

Leonard Wingate appeals his conviction for the offense of burglary.

1. Appellant first enumerates the general grounds, and contends specifically that the testimony given by the victim and a witness was not credible. Viewed in the light most favorable to the prosecution, the record discloses that on the night of October 10, 1987, Collins, a disabled elderly woman who lived alone, was at home in bed when she was accosted by a man who entered her house, told her he had come to take her money, and threatened to kill her. The intruder took her purse, which contained approximately $200, out of a drawer. Collins testified that although the perpetrator wore a white cloth wrapped around his head and jaw, because of his distinctive nose she recognized him as appellant, an acquaintance of her brother. The victim also stated she had seen appellant remove her house key from the front door earlier that day when he and her brother brought her home. Evans, who lives across the street from Collins, testified she saw appellant open Collins' front door, and she went for help and returned with a neighbor. Both women then entered the Collins home through the unlocked front door and discovered a man inside the house, who dashed out when they confronted him. Evans also identified appellant as the man they saw, because she recognized his nose. Johnson testified that late on the evening of October 10th, after he learned of the theft, appellant asked him for a ride to Lyons and admitted he had "done wrong." Johnson encouraged appellant to return the money, but appellant refused, saying "they're going to lock me up" anyway.

"The weight of the evidence and credibility of witnesses are questions for the jury. [Cit.]" *Davis v. State*, 180 Ga. App. 299, 300 (1) (349 SE2d 29) (1986). We have examined the record and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends in his other enumeration that the trial court erred by denying his motion for a jury view of the crime scene and surrounding neighborhood. He argues a view of the scene was

necessary to discredit Evans' testimony by showing she could not have seen appellant from her porch as she testified and could not have, during the short time period she claimed, traveled to the various destinations discussed in her testimony.

A "scene view" is not evidence, but rather may be conducted " 'to aid the jury to better understand [the] evidence. . . .' [Cit.]" *Harper v. State*, 182 Ga. App. 760, 761-762 (2) (357 SE2d 117) (1987). "The decision to allow the jury to view a scene is discretionary with the trial court, and will not be overturned unless there is a clear abuse of discretion. [Cits.]" *Kennedy v. State*, 177 Ga. App. 688, 689 (2) (341 SE2d 17) (1986). The record reveals that subsequent to appellant's motion, defense counsel diagrammed the neighborhood scene on a chalkboard during his cross-examination of Evans, and used this diagram when questioning other witnesses. The trial court then denied appellant's motion for a scene view, concluding the diagram gave the jury "a clear view" of the situation. Under these circumstances, we find no error in the denial of the motion. See generally *Green v. State*, 167 Ga. App. 548, 549 (2) (306 SE2d 354) (1983).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 6, 1988.

*Hugh J. McCullough*, for appellant.

*Dupont K. Cheney, District Attorney, David C. Walker, Assistant District Attorney*, for appellee.