## A02A1720. HARRELL v. THE STATE.
(570 SE2d 607)

JOHNSON, Presiding Judge.

A jury found Chevy Harrell guilty of driving under the influence of drugs and alcohol to the extent that it was less safe to drive, driving under the influence of cocaine, and driving with a suspended license. Harrell appeals, alleging the trial court erred in admitting the results of her urine test into evidence because the state failed to establish a sufficient chain of custody. We find no error and affirm Harrell's convictions.

The record shows that after her arrest for driving under the influence, an officer with the Rockmart Police Department took Harrell to the local hospital for a urine test. At the hospital, the officer opened a sealed blood alcohol kit, took a urine sample from Harrell,

and gave the sample to a nurse. The officer watched as the nurse sealed and wrote on the sample. The urine sample was sealed first within a cup and then within a Styrofoam container and a box. The sample was labeled and sealed in the appropriate kit. The officer then gave the sample to a different officer, who placed the sealed container in the sealed police refrigerator.

While no evidence was presented regarding the transportation of the sealed container to the crime lab, a crime lab employee testified that she received the sealed container, that it was still sealed, and that it showed no evidence of tampering. The sealed container was labeled as being collected by the Rockmart Police Department on the date of the incident. According to the crime lab employee, everything was properly labeled and sealed, except the defendant's name was spelled Chevy "Harold" instead of Chevy "Harrell." The state further presented evidence that the labeling of the sealed container was done by the hospital nurse and that the officer never spelled the defendant's name for her. Rather, the nurse asked the defendant about her name.

We find no merit in Harrell's claim that the state failed to establish a sufficient chain of custody.

> Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody adequate to preserve the identity of the evidence. The burden is on the State to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The State need not negative every possibility of tampering, and need only establish reasonable assurance of the identity of the evidence. When there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to the weight.[1]

We have reviewed the chain of custody evidence and find that the state established reasonable assurances of the identity of the urine sample.[2] While there was no evidence presented regarding the preservation and custody of the sample in the sealed police refrigerator, and the sample contained a name similar to, but different from, the defendant's, these factors do not preclude admission of the urine test results.[3] In fact, when a urine sample is routinely handled and noth-

---

[1] (Citations and punctuation omitted.) *Anderson v. State*, 247 Ga. 397, 399 (2) (276 SE2d 603) (1981).

[2] See *Swanson v. State*, 248 Ga. App. 551, 552 (1) (b) (545 SE2d 713) (2001).

[3] See *Jordan v. State*, 223 Ga. App. 176, 182 (3) (477 SE2d 583) (1996) (chain of custody established even though arresting officer's description differed from the forensic toxicologist's description of the urine sample's packaging); *Carver v. State*, 175 Ga. App. 599, 601 (2)

ing in the record raises a suspicion that the urine tested was other than that taken from the defendant, the evidence of tests on such urine is admissible.[4] The only suspicion of tampering raised by Harrell is the fact that there is no evidence regarding the delivery of the sample to the crime lab and the fact that Harrell's name was spelled incorrectly on the package. The trial court properly ruled that these facts could be considered by the jury in its determination of the weight to be given to the urine test results.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED AUGUST 23, 2002.

*Gammon & Anderson, W. Wright Gammon, Jr.*, for appellant.
*James R. Osborne, District Attorney, Brian P. Duncan, Assistant District Attorney*, for appellee.

---

(333 SE2d 697) (1985) (chain of custody established even though testimony differed about how the evidence was delivered to the crime lab and to whom it was delivered).

[4] See *Johnson v. State*, 184 Ga. App. 745, 746 (1) (a) (362 SE2d 450) (1987).